**05-1101**

United States Courts
Southern District of Texas
FILED

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

MAR 3 1 2005

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| JOHN B. BERRY, TRUSTEE | § | |
| Plaintiff | § | |
| | § | |
| V. | § | CIVIL ACTION NO_____ |
| | § | JURY |
| WPS, INC., ET AL | § | |
| Defendants | § | |

NOTICE OF REMOVAL OF CIVIL ACTION

COMES NOW, WPS, Inc., and files this, its Notice of Removal of an action styled John B. Berry, Trustee v. WPS, Inc., et al, Cause Number 2005-08446, presently pending in the 152nd District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and as grounds therefor would show the Court as follows:

I.

PARTIES

1.01.   Plaintiff, John B. Berry, Trustee, was at the time of commencement of this action and still is a citizen of the State of Texas.

1.02    Defendant, WPS, Inc., was at the time of the commencement of this action and still is a corporation incorporated under the laws of the State of Louisiana with its principal place of business in the State of Louisiana. Defendant, WPS, Inc. was not, at the time of the commencement of this action, and is not now, a citizen of the State of Texas, wherein this suit was brought.

1.03.   Defendant, Seth Williamson, was at the time of the commencement of this action and still is an individual who resides in the State of Louisiana and is a citizen of the State of Louisiana.

Seth Williamson was not, at the time of the commencement of this action, and is not now, a citizen of the State of Texas, wherein this suit was brought.

## II.

## BACKGROUND

2.01.   This is a civil suit.  Plaintiff filed this civil action against Defendant, WPS, Inc., on February 7, 2003.  Defendants were served in Louisiana with citation on March 1, 2005.  Plaintiff alleges that Plaintiff and Defendants executed a document that is inaccurately and erroneously characterized as a "Sale and Leaseback Agreement" in Plaintiff's pleadings.  (Plaintiff's Original Petition, attached hereto as Exhibit "A").  Plaintiff alleges that Defendants committed an anticipatory breach of this purported agreement, that Defendants defaulted on this purported agreement, and that Defendants attempted to defraud Plaintiff but does not state how.

2.02.   There is no doubt that the amount in controversy with respect to the claims alleged by Plaintiff against Defendant, WPS, Inc., exceeds $75,000.00.  Plaintiff's attorney alleges his attorney's fees are at least $100,000.00. (See Paragraph 9 of Plaintiff's Original Petition, attached as Exhibit "A").  This alone is sufficient to satisfy the amount in controversy requirement set forth in 28 U.S.C. § 1332. *See Lewis v. State Farm Lloyds*, 205 F.Suppp.2d 706 (S.D. Tex. 2002); *Chittick v. Farmers Ins. Exch.,* 844 F.Supp. 1153, 1155 (S.D. Tex. 1994).

2.03    Furthermore, among the damages and relief sought by Plaintiff in his pleadings include requests for exemplary damages and for enforcement and specific performance of a purported and alleged agreement. (*See* Paragraph 11 of Plaintiff's Original Petition).  The alleged agreement that Plaintiff apparently contends is controlling is attached to Plaintiff's original petition and also demonstrates that the amount in controversy in this case far exceeds the threshold level of $75,000.00.

III.

## GROUNDS FOR REMOVAL

3.01.   The above-described action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, as appears from the allegations contained in Plaintiff's Original Petition, and also in other papers from Plaintiff, and is between citizens of different states.

3.02.   As shown herein, the requirements of 28 U.S.C. § 1332 are satisfied as there is complete diversity among the parties pursuant to 28 U.S.C. § 1332(a) and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs; therefore, this case is properly removable to this Court pursuant to 28 U.S.C. § 1332 and § 1441.

3.03.   Defendant files herewith a copy of all process, pleadings and orders filed, served or rendered in this action, and is simultaneously herewith filing a copy of this petition for removal with the district court of Harris County, Texas.

3.04.   No act of Congress prohibits the removal of this cause, and this cause is removable under 28 U.S.C. § 1441, *et seq*.

3.05.   This Notice of Removal has been filed within 30 days of the service of Plaintiff's Original Petition upon Defendants.

IV.

4.01.   Pursuant to Local Rule 81, Defendant attaches and files the following documents with the Court.

- All executed process in the case are attached as Exhibit "B";

- Pertinent Pleadings are attached as Exhibit "C";

- No orders have been signed by the state judge; therefore none are attached;

- A copy of the civil docket sheet is attached as Exhibit "D";

- A list of all counsel of record is attached as Exhibit "E".

- An index of documents filed with the Court is attached as Exhibit "F".

WHEREFORE, Defendant, WPS, Inc. prays that the above-entitled cause be removed to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

GERMER GERTZ, L.L.P.
Post Office Box 4915
Beaumont, Texas 77704
(409) 654-6700 – Telephone
(409) 835-2115 – Telecopier

James R. Old, Jr.
Attorney In Charge
State Bar No. 15242500
Southern Dist. No. 10751

James W. Henges
State Bar No. 00790860

ATTORNEYS FOR DEFENDANT, WPS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record on this the __3ᵉᵗ__ day of March, 2005.

Mr. Thomas G. Bousquet                    **VIA CERTIFIED MAIL, RRR**
BOUSQUET & JACKSON, P.C.
5718 Westheimer #700
Houston, Texas  77057


                                          _____
                                          James R. Old, Jr.

## CERTIFICATE OF CONFERENCE

This is not a motion.  Therefore, no conference is required pursuant to Local Rule 7.1. Plaintiff's attorney has been contacted and has been advised that this notice of removal is being filed.

Mr. Thomas G. Bousquet
BOUSQUET & JACKSON, P.C.
5718 Westheimer #700
Houston, Texas  77057


                                          _____
                                          James R. Old, Jr.

# EXHIBIT "A"

2005-08446

NO. _____

| | | |
|---|---|---|
| JOHN B. BERRY, TRUSTEE<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| | § | OF HARRIS COUNTY, TEXAS |
| V. | §<br>§ | |
| WPS, INC., ET AL<br>Defendants. | §<br>§<br>§ | 152 JUDICIAL DISTRICT |

## ORIGINAL PETITION FOR SUIT ON WRITTEN CONTRACT

1.  *Discovery Level.*  Discovery in this case is intended to be conducted under level 2 of rule 190 of the Texas Rules of Civil Procedure.

2.  *Parties.*

    A.  Plaintiff, JOHN B. BERRY, TRUSTEE, is an Individual whose residence is in Harris County, Texas.

    b.  Defendant, WPS, INC., a Corporation based in Louisiana, is organized under the laws of the State of Louisiana, , and service of process may be effected upon said Defendant by serving Seth Williamson, President of the corporation at 1110 Unifab Road, Suite A, New Iberia, Louisiana.  Service of said Defendant as described above can be effected by personal delivery.

    c.  Defendant, SETH WILLIAMSON, may be served  by serving him at corporation  at 1110 Unifab Road, Suite A, New Iberia,  Louisiana.  Service of said Defendant as described above can be effected by personal delivery.

3.  This court has jurisdiction over the parties because Defendants contracted with Plaintiff in Texas and agreed to suit in Harris County, Texas.

4.  *Facts.*  Attached to this petition as Exhibit "A" is a copy of the Sale and Leaseback Agreement executed by Plaintiff and Defendants.  The agreement is incorporated in this petition by reference.  Plaintiff has fully complied with the agreement. Defendants are guilty of anticipatory breach of the contract on or about December 30, 2004 (Exhibit "B" hereto), and complete breach of the contract on January 26, 2005.

5.  Venue in Harris County is proper in this cause under Section 15.035(a) of the Texas

Civil Practice and Remedies Code because this lawsuit involves a written contract that expressly names said county for performance.

      6.    *Default.*    Defendants defaulted in the performance of the Agreement. Plaintiff seeks specific performance of the contract and/or his damages and attorney's fees..

      7.    *Conditions Precedent.*    All conditions precedent have been performed or have occurred.

      8.    *Fraud.*    Defendants have attempted to defraud Plaintiff and Plaintiff seeks his damages and exemplary damages.

      9.    *Attorney's Fees.*    Defendants' default has made it necessary for Plaintiff to employ the undersigned attorney to file suit. This claim was timely presented to Defendants and remains unpaid. Reasonable fees for the attorney's services rendered and to be rendered are at least $100,000.00.

      10.    This is an attempt to collect a debt. Any information obtained will be used for that purpose.

      11.    *Prayer.*    Plaintiff prays that-

      a.    Defendants be cited to appear and answer;

      b.    Plaintiff be granted judgment for specific performance of the contract;

      c.    Plaintiff be granted judgment for his damages and exemplary damages;

      d.    Plaintiff be granted judgment for prejudgment and postjudgment interest on the matured, unpaid debt at the highest legal or contractual rate allowed by law;

      e.    Plaintiff be granted judgment for at least $100,000.00 as reasonable attorney's fees, with additional contingent amounts in the event of appellate proceedings;

      f.    Plaintiff be granted judgment for all costs of court; and

g.     Plaintiff be granted all further relief to which Plaintiff may be entitled.

Respectfully submitted,

BOUSQUET & JACKSON P.C.

By: _____
        THOMAS G. BOUSQUET
Texas Bar No. 02717000
5718 Westheimer  #700
Houston, Texas  77057
Tel. (832)251-3501
Fax. (832)242-5607
ATTORNEY FOR PLAINTIFF
JOHN B. BERRY, TRUSTEE


PLAINTIFF DEMANDS A TRIAL BY JURY

**Letter of Agreement**

December 20, 2004

Mr. Seth Williamson, President                                    **ORIGINAL #1**
Williamson Production Services, Inc.
1110 Unifab Road, Suite A
New Iberia, LA 70560

Re:   Sale/Leaseback of Lease Fleet of Williamson Production Services, Inc.
      ("WPS" and "Seller") to various clients as Lessee's for Compressor
      Equipment property and all appurtenances thereto; as more fully described
      in EXHIBIT "A" containing six (6) pages attached hereto and incorporated
      herein by reference (the "Equipment Property").

Dear Mr. Williamson:

I, as Trustee-Purchaser, have received certain information regarding WPS and the above
described Equipment Property from Seller and Seller's Consultant, George H. Reid
Investments, Inc. ("Consultant"). Based on the information submitted, I, in my capacity as
Trustee-Purchaser, herewith submit this Letter of Agreement offer to purchase and sale for
said Equipment Property and the Leaseback of this Equipment Property by Seller subject to
the following terms and conditions:

1.  **Purchase Price.**  Purchaser shall pay Seller the sum of <u>Ten million five hundred</u>
    <u>eighty thousand DOLLARS</u> (**$10,580,000.00**) for the Equipment Property.

2.  **Payment Terms.**  All cash at closing.  All payments described herein shall be in US
    Dollars only.

3.  **Closing.**  Closing of this transaction shall be on or before forty five (45) Business
    Days after execution and delivery to Seller (at Seller's address herein) by
    Purchaser, the Formal Documentation Purchase, Sale, and Leaseback Agreement
    as called for in Paragraph 4 hereof, to the office of Partners Title Company, 712
    Main Street, Houston, Texas, Attn: Jim Suttles.

4.  **Formal Documentation.**  Within fifteen (15) Business Days after the execution of
    the Letter of Agreement by both Purchaser and Seller as the Parties hereto,
    Purchaser shall deliver to Seller a Purchase and Sale Agreement and Leaseback
    Agreement and other documentation (Formal Documentation) executed by
    Purchaser and such other documents as may be necessary in the sole discretion of
    Purchaser which Seller agrees to execute and return without delay.  The Purchase
    and Sale Agreement, Leaseback Agreement, and other documents shall supersede
    and take precedence to this Letter of Agreement; and in the event any of the terms
    and conditions of this transaction shall vary between this Letter of Agreement and
    the Purchase and Sale Agreement, the terms and conditions of the Purchase and
    Sale Agreement and Leaseback Agreement and other documents shall prevail.

*-continued-*

EXHIBIT "A"

5. <u>Purchaser Reviews.</u> This offer is subject to Purchaser's review and verification to Purchaser's sole satisfaction of any and all property, data, and facts, including and without limitation of all Equipment Property for this transaction as described on the attached **EXHIBIT "A"** and (a) complete, current, and historic financial statements; (b) current equipment rental agreements, including any amendments or modifications, and complete historic accounting of each such agreement; (c) completion of due diligence, inspection, and appraisal of Equipment Property; (d) all past and current environmental inspections, permits, reports, and surveys thereof; (e) any and all past and existing UCC filings relating thereto; (f) all Equipment Property designs, plans and specifications pertaining to the Equipment Property; and, (g) Seller shall also provide Purchaser an Estoppel Certificate and Landlord Waiver for each Equipment Property asset being conveyed by Seller to Purchaser dated as of the closing;  (h) Seller shall warrant and covenant to Purchaser hereof the exclusive rights of parties in possession ownership of the Equipment Property to be sold, conveyed, and transferred to Purchaser hereof by General Warranty Deed of Fee Simple Title to the sole satisfaction of Purchaser.

6. <u>Legal Description of Equipment Property.</u>   See **EXHIBIT "A"** (six pages) attached hereto and incorporated herein by reference.  It is acknowledged by the Parties hereto that such documents were provided to Purchaser by WPS and through Consultant and may be subject to legal modifications as necessary in the sole discretion and to the satisfaction of Purchaser and Purchaser's legal advisors as the case may be.

7. <u>Earnest Money.</u> Fifty thousand DOLLARS ($50,000.00) as a Bank Letter of Credit or cash as Purchaser may desire shall be deposited by Purchaser with Partners Title Company, 712 Main Street, Houston, Texas 77002, along with the fully executed copy of the Formal Documentation as previously described in Paragraph 4 herein above.  The Earnest Money deposited shall be fully credited to the purchase price, at the closing of this transaction, at the sole option of Purchaser hereof.

8. <u>Seller/Lessee Duties.</u> Prior to the preparation of the Formal Documentation as more fully described in Paragraph 4 herein above, WPS agrees to provide complete, current, and historic financial documents and records concerning WPS's complete business operations along with copies of all documents and records specifically relating to the Equipment Property.  Seller agrees that during the term of the Leaseback, all customer payments due relating to the rental of the Equipment Property now owned by Purchaser will be directed by WPS directly to Purchaser's designated bank lockbox or other such address as designated by Purchaser from time-to-time.

9. <u>Primary Leaseback Terms.</u> Equipment Property shall be conveyed by Seller to Purchaser and Seller agrees to immediately Leaseback said Equipment Property from Purchaser at closing.  All customer rental payments regarding Equipment Property previously due Seller shall be made without demand directly to Purchaser's designated bank lockbox account.  Purchaser/Lessor will promptly report all income and disbursements to Seller/Lessee.  All payments received by Purchaser/Lessor shall first be applied to any amount due Purchaser/Lessor. Seller/Lessee will make consecutive monthly payments to Purchaser/Lessor and

such payments shall be equal to the sum total of all customer rental payments due for Equipment Property and designated by Seller/Lessee as Monthly Rental Revenue on EXHIBIT "A" attached hereto. If received from Purchaser, all payments designated as Monthly Maintenance Revenues in the various customer rental contracts will be promptly disbursed to Seller/Lessee in payment of maintenance and other services for equipment as contractually agreed for the Equipment Property. The first and last month's lease payments will be due at closing.

10. <u>Initial Term.</u> The Initial Term of the leaseback shall be eighty four (84) months. Seller/Lessee agrees to remit eighty four (84) consecutive monthly lease rental payments to Purchaser/Lessor such monthly payments due Purchaser/Lessor shall at no time be less than <u>One hundred twenty five thousand DOLLARS ($125,000).</u>

11. <u>Purchase Upon Termination.</u> At the end of the Initial Term, WPS shall have the obligation to re-purchase the Equipment Property from Purchaser for <u>Seven million nine hundred twenty five thousand DOLLARS ($7,925,000)</u> due in cash on the first day of the eighty fifth (85th) month from the date of closing hereof as between Purchaser and WPS.

12. <u>Definitions.</u> The term Business Days as used herein is agreed to mean 8:00 AM to 5:00 PM, Central Standard Time, Monday through Friday, not including United States Federal or Texas State holidays.

13. <u>Severability.</u> In the event that any of the terms, conditions or covenants of this Letter of Agreement are held to be unenforceable or invalid by any court of competent jurisdiction, the validity and enforceability of the remaining provisions, or portions thereof, shall not be affected thereby and effect shall give rise to the intent manifested by the provisions, or portions thereof, held to be enforceable and valid.

14. <u>Non-Disclosure.</u> Except as may be required by applicable law, neither Purchaser or Seller(s) shall make any public announcement or otherwise disclose to any third party the existence, contents and nature of this Letter of Agreement without the prior written consent of both parties. This provision shall not apply to any related consultant, attorney, advisor, closing agent, and/or employee of either Purchaser or Seller(s) acting in connection with this Letter of Agreement.

15. <u>Applicable Law.</u> This Letter of Agreement and the Purchase and Sale Agreement shall be construed in accordance with and governed by the laws of the United States of America. If any party brings legal action to enforce any right or obligation under either, jurisdiction shall lie exclusively in Houston, Harris County, Texas.

16. <u>Option Fee.</u> Purchaser agrees to pay Seller an Option Fee of <u>One Thousand DOLLARS ($1,000.00)</u> within three business days of receipt of Seller's acceptance of this Letter of Agreement in consideration of such acceptance. The sufficiency of the consideration is acknowledged by the Parties. Execution of this Letter of Agreement and acceptance of the Option Fee by Seller shall grant Purchaser an exclusivity right (the "Exclusivity") under which Seller agrees not to solicit, offer,

or hold discussions with any third party regarding the sale of the Seller's Equipment Property herein described.

17. <u>Interest in Future Transactions.</u>  For a period equal to the Initial Term, WPS grants Purchaser the first and exclusive right to consider any and all future WPS Equipment Property Sale/Leaseback transactions and WPS and Purchaser hereof further agree any of these future transactions will occur under substantially the same terms and conditions as contained herein at Purchaser's option.  During this term, WPS further grants Purchaser the first right of review to any other leasing or financing transaction involving WPS equipment.

18. <u>Consultants and Brokers.</u>  Seller warrants that it has had no dealings with any broker or agent in connection with the negotiation or execution of this Letter of Agreement except Consultant.  Seller has agreed to pay Consultant pursuant to an existing Consulting Services Agreement dated as of July 13, 2004 and executed by Seller on July 14, 2004 and by Consultant on July 16, 2004.  It is hereby acknowledged by both Seller and Purchaser hereof that, George H. Reid and/or George H. Reid Investments, Inc. may or may not also act in the capacity as Principal in the transaction described herein.  The Pasties to the existing Consulting Services Agreement as between George H. Reid Investments, Inc. and WPS, Inc. hereby agree that the Consulting Services Agreement may be disclosed and delivered to Partners Title Company ATTN: Jim Suttles for the purpose of the payment of the compensation in cash, in full at closing.

19. <u>Authority.</u>  The undersigned each represent, warrant, and covenant the possession of the power and authority to execute this Letter of Agreement.

20. <u>Acceptance.</u>  This offer of Purchase shall be deemed to be refused and withdrawn if Purchaser hereto has not received written acceptance to the terms and conditions hereof by 5:00 PM on December 29, 2004.

This Letter of Agreement shall be binding upon the Parties hereto, their heirs, successors, legatees, nominees and/or assigns.


Respectfully Submitted,                    CONSULTANT:
                                           GEORGE H. REID INVESTMENTS, INC.


                              Trustee-                        Date: 12-22-04
                          for the By:
John B. Berry, Trustee-Purchaser            George H. Reid, President


Address:    4265 San Felipe, Suite 1100    Address:    PO Box 56443
            Houston, Texas 77027                       Houston, Texas 77256

**SELLER :  (Authorized Signatory(s) Only):**

AGREED and ACCEPTED this _28_ day of December, 2004.

WILLIAMSON PRODUCTION SERVICES, INC. (WPS, Inc.)

By: _____ / Date: _12/28/04_
        Seth Williamson, President

Printed Name: _Seth Williamson_
Title:   _President_


By: _____ / Date: _12/28/04_

Printed Name: _Scott Thomas_
Title:  _Secretary_


Address:      1110 Unifab Road, Suite A           Corporate Seal
             New Iberia, LA 70560

## WPS
## Unit Listing

| Unit # | Customer | Lease Name | Customer Ship Date | Engine | Frame | STAGE 1 CYL BORE | STAGE 2 CYL BORE | STAGE 3 CYL BORE | ENGINE RPM | Cooler | Coupling | BHP |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1001 | W & T | High Island 389 | Shipped | 3516 TALE | 5C-VIP-4 | 9 1/4 | 5 1/2 | | 1400 | L144 | FSH 60-26 | 1340 |
| 1002 | Century | SS-154E | Shipped 10-10-02 | L.7042 GSI | 5C-VIP-4 | 12 1/2 | 8 1/4 | 5 | 1200 | L144 | FSH 70-28 | 1478 |
| 1003 | AEDC | Vermillion 88A | Shipped 8-15-03 | 3508 TALE | 5CVIP-2 | 6 1/2 | 5 1/2 | | 1400 | L108 | | 630 |
| 1004 | Master Resources | Aggie Junction #2 | Shipped 8-17-03 | 3516 TALE AFR | Ram54 | (2) 14 | 9 1/2 | 6 1/2 | 1400 | L144 | FSH-60-26 | 1340 |
| 1005 | UCI/Unocal | Fresh Water Bayou | Shipped 8-19-03 | 3512 TALE | Ram54 | (2) 11 | 9 1/2 | 5 1/2 | 1400 | L132 | FSH-60-26 | 945 |
| 1008 | Chapman/Houston Exploration | SMI-255A | Shipped 1-11-03 | 3521 GSI | Ram52 | 7 | 6 1/2 | | 1200 | L96S | FSH 60-28 | 738 |
| 1009 | Master Resources | Aggie Junction #1 | Shipped 7-9-03 | F.3521 GSI | Ram52 | (2) 9 5 | (2) 6.5 | | 1200 | L120 | FSH 60-28 | 738 |
| 1010 | Hilcorp | North Maurice Field | 1-Dec-2003 | 3306 TA | Gemini H302 | 5 1/2 | 3 1/2 | | 1800 | L120 | | 145 |
| 1013 | Good Rich Resources | Second Bayou - WPS purchased this Pkg. from CSI | Shipped 9-16-03 | G3508 | JGE/2 | 13 1/2 | 9 3/4 | 5 1/2 | 1400 | J84 | FSH-70-26 | 630 |
| 1015 | Arena Offshore | Brazos 52-C Platform, Offshore LA | Shipped 10-24-03 | 3508 TALE | JGE/2 | 8 3/8 | 5 1/8 | 6 3/4 | 1400 | L108 | | 630 |
| 1012 | Bass Enterprises | The George Ranch | Shipped 11-03 | 3520B | WH64 | 7 1/2 | 6 3/4 | | 1350 | 156EF | FSH 75-26 | 1675 |
| 1007 | EnerVest | Garden Island Bay | 20-Jan-2004 | 3520 TALE | Ram54 | (2) 14 | 6 | 6 1/2 | 1350 | L156EF | | 1674 |
| 1016 | ATP Oil & Gas Corp | Brazos 544 A Freeport, TX | original ship date 1-8-04 actual ship date will be 2-15-04 | 3508 TALE | RAM52 | 7 | 9 | | 1400 | 108EF | | 630 |
| 1017 | EnerVest | Bay De Chene | original ship date 1-8-04 actual ship date will be 2-6-04 | 3516 TALE AFR | JGT/4 | (2) 14 1/8 | 12 | | 1400 | L156EF | FSH-60-26 | 1340 |
| 1006 | Spinaker | HI 197A | original ship date 1-8-04 actual ship date will be 2-25-04 | 3516 TALE AFR | RAM 54 | (2) 6.5 | (2) 5.5 | | 1400 | L144EF | FSH 50-26 | 1340 |

Planned - NO EQUIPMENT / Stock

## WPS
## Unit Listing

EXHIBIT "A"

Page 2 of 6

8/17/2004

| Unit # | Customer | Lease Name | Customer's Ship Date | Engine | Frame | STAGE 1 CYL BORE | STAGE 2 CYL BORE | STAGE 3 CYL BORE | ENGINE RPM | Cooler | Coupling | BHP |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1018 | Stock | Planned, NO ENGINE | | No Engine | VGT/4 | (2) 8 7/8 | (6) 5 5 | 7 7/8 | 1400 | L55EFF | FSH75-2b | 1340 |
| 1019 | Stock | Cooling Ready to Ship | | F-35? 45? in inventory | flex55 | (2) 8.5 | (6) 5.5 | | 1200 | L12b | FSH 6x-2b | 75? |
| 1019 | Oakhill (OGS) | Thompson | 1-Jun-2004 | 3508 TALE | JGE/2 | 12 1/2 | 9 5/8 | | 1400 | 108 | | 630 |
| 1020 | Oakhill (OGS) | Garrett | 1-Jun-2004 | 3408TA | JGJ/4 | (2) 8 3/8 | (2) 4 5/8 | | 1800 | | | 425 |
| 1021 | Oakhill (OGS) | Lake Cherokee | 1-Jun-2004 | 3408TA | JGJ/4 | (2) 8 3/8 | (2) 5 1/2 | | 1800 | | | 425 |
| 1022 | Oakhill (OGS) | Freeman A-1 | 1-Jun-2004 | 3408TA | JGJ/2 | 11 | 8 3/8 | | 1800 | | | 425 |
| 1023 | Oakhill (OGS) | Williamson | 6/1/2004 - WPS will buy this package from ????? | 3306 | JGA/2 | 7 1/2 | 5 1/2 | | | | | |
| 1024 | Oakhill (OGS) | Delta | 1-Jun-2004 | 3408TA | JGJ/2 | 11 | 8 3/8 | | 1800 | | | 425 |



# FAX COVER SHEET

1110 Unifab Road, Suite A
New Iberia, LA 70560
Phone: (337) 560 – 7700
☐ Fax:   (337) 560 – 7840   Main Office
☐ Fax:   (337) 560 – 7841   Accounting

| | | | |
|---|---|---|---|
| To: | Brian Engle | From: | George Reid |
| Company: | WPS | | GHRINV. |
| Fax: | 713 439 7979 | Pages (incl. cover): | 7 |
| Phone: | | Date: | 11-11-04 |
| Re: | | CC: | |

☐ Urgent    X For Review    ☐ Please Comment    ☐ Please Reply    ☐ For Your Information

● Comments:    Per our conversation

***************************************************************************
This message is confidential. It may also contain information that is privileged or
otherwise legally exempt from disclosure. If you have received it by mistake please
let us know by e-mail immediately and delete it from your system; should also not copy
the message nor disclose its contents to any one. No part of this message or
attachments may be used or reproduced in any manner whatsoever.

***************************************************************************
Este mensaje es confidencial. Puede contener informacion privada. Si usted lo ha
recibido por error, por favor comuniquenoslo inmediatamente via e-mail y tenga la
amabilidad de eliminarlo de su sistema; no copiarlo ni divulgar su contenido a persona
alguna. Ninguna parte de este mensaje ni de sus adjuntos pueden ser usados o
reproducidos de ninguna forma en absoluto.

Four (4) Pages of this FAX

relating to WPS & SG Interests

have been OMITTED.

**WPS**

---

November 11, 2004


GHRINV
Mr. George Reid
P. O. Box 56443
Houston, TX 77256

Re:     WPS, Inc. Rental Fleet

George:

I am including in a separate document specific nomenclature regarding the Company's
rental fleet, customer names, contract signing date, application, and etc. for your review.

As we discussed last week, Hanover Compression (HC) and Universal Compression Inc.
(UCO) utilize a ten (10) year amortization schedule, and a 25 – 30 year depreciation
model, respectively.  The 30 year depreciation schedule used by Universal Compression
was recently changed from 25 years, which was disclosed in a financial update that
occurred within the last twenty-four months.  Universal claims that the change more
accurately represents the useful life of the product.  Based on nominal technological
changes in the natural gas engine industry this claim appears to be very accurate.
Furthermore, you might recall that prior to my departure from Universal Compression I
held the position of director of sales and engineering for Latin America.  As director of
sales I was responsible for asset management, DCF modeling for new cap-ex, with
annual sales of approximately USD$100. MM, and management of rental fleet asset
valued in excess of USD$250. MM.

Let me know if I can be of further assistance.


Regards,


Brian R. Engle
Executive Vice-President

EXHIBIT "A"

---

Williamson Production Services, Inc. • 1110 Unifab Road, Suite A • New Iberia, LA 70560
Main Office: (337) 560-7700 • Main Fax: (337) 560-7840

*Exh. 1.11* (handwritten)

| Unit Contract # | Customer Name | Original Term in Months | Date Contract Signing | Ship Date | Start Date | Finish Date | Months Remaining | Monthly Rental Revenue | Monthly Maint. Revenue | Total Monthly Revenue | Engine Model | Compressor Model | Rated Hp Rating | Service Application |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1001**1001 W & T Offshore | | 24 | 8/21/2002 | 8/31/2002 | 8/31/2002 | 7/31/2004 | 0 | $13,650.00 | $1,000.00 | $14,650.00 | G35167TALE | Dre 5C-VIP- | 1265 | Offshore |
| 1002**1002 Idle | | 24 | 8/12/2003 | 8/15/2003 | 8/28/2003 | 7/28/2005 | 10 | $8,450.00 | $800.00 | $9,250.00 | 7042 GSI | Dre 5C-VIP- | 1478 | Offshore |
| 1003**1003 AEDC | | 12 | 9/16/2003 | 9/17/2003 | 9/19/2003 | 8/18/2004 | 0 | $13,500.00 | $1,500.00 | $15,000.00 | G360BTALE | JGE2-3 | 630 | Offshore |
| 1004** Masters Resources C | | 24 | 3/27/2003 | 5/19/2003 | 5/26/2003 | 5/26/2005 | 5 | $13,500.00 | $0.00 | $13,500.00 | RAM 54 | RAM 54 | 1265 | Inland Water |
| 1005** UNOCAL (see note) | | 24 | 11/18/2003 | 2/3/2004 | 3/10/2004 | 2/3/2005 | 4 | $15,400.00 | $1,250.00 | $16,650.00 | G35127TALE | RAM 54 | 945 | Inland Water |
| 1006**1012 Spinnaker | | 12 | 12/4/2003 | 2/3/2004 | 3/4/2004 | 2/3/2006 | 18 | $15,300.00 | $1,600.00 | $16,900.00 | G35167TALE | RAM 54 | 1340 | Offshore |
| 1007** Enervest/Garden Islan | | 24 | 4/1/2003 | 4/11/2003 | 5/8/2003 | 4/8/2005 | 6 | $11,000.00 | $0.00 | $11,000.00 | G3521GSI | RAM 54 | 1874 | Inland Water |
| 1008**1006 Houston Exploration | | 24 | 5/12/2003 | 7/8/2003 | 7/8/2003 | 6/8/2005 | 9 | $8,500.00 | $1,000.00 | $9,500.00 | RAM 52 | RAM 52 | 738 | Offshore |
| 1009**1007 Masters Resources | | 24 | 7/10/2003 | 7/10/2003 | 7/10/2003 | 7/10/2004 | 0 | $2,000.00 | $750.00 | $2,750.00 | RAM 54 | RAM 54 | 738 | Offshore |
| 1010**1008 Hilcorp | | 12 | 5/12/2003 | 7/10/2003 | 7/10/2003 | | 0 | | | | 3306TAW | HPD2-2 | 145 | Onshore |
| 1011** TBD | | | | | TBD | | 0 | | | | | | | |
| 1012**1011 Bass Enterprises | | 24 | 10/3/2003 | 11/14/2003 | 11/13/2003 | 10/13/2005 | 13 | $15,900.00 | $1,000.00 | $16,900.00 | VH 64 | WH 64 | 1874 | Onshore |
| 1013**1009 Goodriche Petroleum | | Monthly | 8/12/2003 | 8/18/2003 | 8/18/2003 | 8/18/2003 | 0 | $8,750.00 | $500.00 | $9,250.00 | F3521GSI | JGE2-3 | 630 | Onshore |
| 1014**1022 GMT | | 12 | 4/28/2004 | 5/3/2004 | 5/7/2004 | 5/7/2005 | 7 | $9,000.00 | $1,400.00 | $10,400.00 | F3521GSI | RAM 54 | 738 | Onshore |
| 1015**1010 Arena Offshore | | 12 | 8/3/2002 | 10/28/2003 | 10/28/2003 | 9/28/2004 | 0 | $9,000.00 | $800.00 | $9,800.00 | G3508TALE | JGE2-2 | 630 | Offshore |
| 1016**1014 ATP | | 24 | 1/30/2004 | 1/15/2004 | 3/22/2004 | 1/15/2006 | 15 | $15,200.00 | $812.00 | $16,450.00 | G3508TALE | JGE2-2 | 630 | Offshore |
| 1017**1015 Enervest/Bay DeChen | | 24 | 12/4/2003 | 1/15/2004 | 3/1/2004 | 1/15/2006 | 15 | $16,000.00 | $2,270.00 | $18,270.00 | G35167TALE | RAM 52 | 1340 | Offshore |
| 1018**NSC Oakhill | | 42 | 9/8/2004 | 11/15/2004 | 5/15/2004 | 5/15/2008 | 42 | $6,050.00 | $1,200.00 | $7,250.00 | G3520TALE | JGT-4-2 | 1674 | Onshore |
| 1019**1016 Oakhill/OGS | | 60 | 6/1/2004 | 6/17/2004 | 6/17/2004 | 6/17/2009 | 54 | $4,250.00 | $950.00 | $5,200.00 | G3508TALE | JGE2-2 | 630 | Onshore |
| 1020**1018 Oakhill/OGS | | 60 | 3/10/2004 | 6/24/2004 | 6/24/2004 | 6/24/2009 | 54 | $4,250.00 | $950.00 | $5,200.00 | G3408TALE | JGJ-4-2 | 425 | Onshore |
| 1021**1017 Oakhill/OGS | | 60 | 3/10/2004 | 6/18/2004 | 6/18/2004 | 6/18/2009 | 54 | $4,800.00 | $1,000.00 | $5,800.00 | G3408TALE | JGJ-4-2 | 425 | Onshore |
| 1022**1019 Oakhill/OGS | | 60 | 3/10/2004 | 6/18/2004 | 6/18/2004 | 6/18/2009 | 54 | $4,250.00 | $950.00 | $5,200.00 | G3408TALE | JGJ-4-2 | 425 | Onshore |
| 1023**1021 Oakhill/OGS | | 60 | 3/10/2004 | 6/8/2004 | 6/8/2004 | 6/8/2009 | 54 | $2,000.00 | $700.00 | $2,700.00 | G3306TAW | JGJ-A-2 | 195 | Onshore |
| 1024**1020 Oakhill/OGS | | 60 | 3/10/2004 | 6/23/2004 | 6/23/2004 | 6/23/2009 | 54 | $4,250.00 | $950.00 | $5,200.00 | G3408TALE | JGJ-2-2 | 425 | Onshore |



**WILLIAMSON PRODUCTION SERVICES, INC.**

1110 Unifab Rd.
Suite A
New Iberia, LA 70560
Phone: (337) 560 – 7700
Fax:      (337) 560 – 7841

December 30, 2004

Mr. John B. Berry, Trustee-Purchaser
4265 San Felipe
Suite 1100
Houston, TX 77027

Please be advised that WPS, Inc. hereby rescinds its acceptance of the letter of agreement dated December 30, 2004 between WPS, Inc. and John B. Berry, Trustee-Purchaser. Our understanding of the proposed structure of the transaction was to include a monthly rental payment of $125,000 per month and the transaction was to qualify as an "off balance sheet" transaction. We feel that this was made clear to all parties prior to the issuance of the letter. We are willing to enter into a discussion of a transaction with this structure. Unless we can negotiate on these issues, we cannot move forward with this transaction. Your check for $1,000 is attached to this letter.

Please note that this letter is being forwarded within the three day rescission period.

Thanks,

Scott Thomas
Chief Financial Officer
WPS, Inc.

**EXHIBIT "8"**

# EXHIBIT "B"

CAUSE NO. 200508446

RECEIPT NO. 108517        0.00      MTA
              02-07-2005              TR # 71877425

PLAINTIFF: BERRY, JOHN B (TRUSTEE)          In The  152nd
    vs.                                      Judicial District Court
DEFENDANT: WPS INC (CORPORATION)             of Harris County, Texas
                                             152ND DISTRICT COURT
                                             Houston, TX

                    CITATION_(NON-RESIDENT)

THE STATE OF TEXAS
County of Harris


TO: WILLIAMSON, SETH
    1110 UNIFAB ROAD SUITE A  NEW IBERIA LA


    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 7th day of February, 2005, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED,  You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 18th day of February, 2005, under my hand and
seal of said Court.

Issued at request of:              CHARLES BACARISSE, District Clerk
BOUSQUET, THOMAS G.                Harris County, Texas
5718 WESTHEIMER #700               301 Fannin      Houston, Texas 77002
HOUSTON, TX 77057                  (P.O. Box 4651, Houston, Texas 77210)
Tel: (832) 251-3501
Bar No.: 2717000               BY Mary L Nicholas
                                   Deputy NICHOLAS, MARY L    8F6/RGX/7104128

STATE OF _____
                            OFFICER/AUTHORIZED PERSON RETURN
County of _____

PERSONALLY APPEARED before me, the undersigned authority, _____
who being by me duly sworn, deposes and says that in the County of _____
State of _____      he delivered to the within named defendants in person at the
following times and places to wit:

| NAME | DATE | | | TIME | | PLACE |
| --- | --- | --- | --- | --- | --- | --- |
| | MONTH | DAY | YEAR | HOUR | MIN | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

a true copy of this notice, with a copy of:

accompanying same; and further, that he is an adult and is in no manner interested in this suit
and is the person competent to make oath of the fact.
                                            _____
                                                  Affiant/Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

____ TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                            _____
                                                  Notary Public

PRINT CITN.P

# EXHIBIT "C"

2005-08446

NO. _____

| | | |
|---|---|---|
| JOHN B. BERRY, TRUSTEE<br>Plaintiff, | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| WPS, INC., ET AL<br>Defendants. | § | 152 JUDICIAL DISTRICT |

## ORIGINAL PETITION FOR SUIT ON WRITTEN CONTRACT

1.    *Discovery Level.*      Discovery in this case is intended to be conducted under level 2 of rule 190 of the Texas Rules of Civil Procedure.

2.    *Parties.*

A.      Plaintiff, JOHN B. BERRY, TRUSTEE, is an Individual whose residence is in Harris County, Texas.

b.      Defendant, WPS, INC., a Corporation based in Louisiana, is organized under the laws of the State of Louisiana, , and service of process may be effected upon said Defendant by serving Seth Williamson, President of the corporation  at 1110 Unifab Road, Suite A, New Iberia, Louisiana.  Service of said Defendant as described above can be effected by personal delivery.

c.      Defendant, SETH WILLIAMSON, may be served   by serving him at corporation  at 1110 Unifab Road, Suite A, New Iberia,  Louisiana.   Service of said Defendant as described above can be effected by personal delivery.

3.      This court has jurisdiction over the parties because Defendants contracted with Plaintiff in Texas and agreed to suit in Harris County, Texas.

4.    *Facts.*  Attached to this petition as Exhibit "A" is a copy of the Sale and Leaseback Agreement executed by Plaintiff and Defendants.  The agreement is incorporated in this petition by reference.   Plaintiff has fully complied with the agreement. Defendants are guilty of anticipatory breach of the contract on or about December 30, 2004 (Exhibit "B" hereto), and complete breach of the contract on January 26, 2005.

5.      Venue in Harris County is proper in this cause under Section 15.035(a) of the Texas

Civil Practice and Remedies Code because this lawsuit involves a written contract that expressly names said county for performance.

6.    *Default.*    Defendants defaulted in the performance of the Agreement. Plaintiff seeks specific performance of the contract and/or his damages and attorney's fees..

7.    *Conditions Precedent.*    All conditions precedent have been performed or have occurred.

8.    *Fraud.*    Defendants have attempted to defraud Plaintiff and Plaintiff seeks his damages and exemplary damages.

9.    *Attorney's Fees.*    Defendants' default has made it necessary for Plaintiff to employ the undersigned attorney to file suit. This claim was timely presented to Defendants and remains unpaid. Reasonable fees for the attorney's services rendered and to be rendered are at least $100,000.00.

10.    This is an attempt to collect a debt. Any information obtained will be used for that purpose.

11.    *Prayer.*    Plaintiff prays that-

    a.    Defendants be cited to appear and answer;

    b.    Plaintiff be granted judgment for specific performance of the contract;

    c.    Plaintiff be granted judgment for his damages and exemplary damages;

    d.    Plaintiff be granted judgment for prejudgment and postjudgment interest on the matured, unpaid debt at the highest legal or contractual rate allowed by law;

    e.    Plaintiff be granted judgment for at least $100,000.00 as reasonable attorney's fees, with additional contingent amounts in the event of appellate proceedings;

    f.    Plaintiff be granted judgment for all costs of court; and

g.    Plaintiff be granted all further relief to which Plaintiff may be entitled.

Respectfully submitted,

BOUSQUET & JACKSON P.C.

By: _____
        THOMAS G. BOUSQUET
Texas Bar No. 02717000
5718 Westheimer #700
Houston, Texas  77057
Tel. (832)251-3501
Fax. (832)242-5607
ATTORNEY FOR PLAINTIFF
JOHN B. BERRY, TRUSTEE

PLAINTIFF DEMANDS A TRIAL BY JURY

**Letter of Agreement**

December 20, 2004

Mr. Seth Williamson, President                    **ORIGINAL #1**
Williamson Production Services, Inc.
1110 Unifab Road, Suite A
New Iberia, LA 70560

Re:  Sale/Leaseback of Lease Fleet of Williamson Production Services, Inc. ("WPS" and "Seller") to various clients as Lessee's for Compressor Equipment property and all appurtenances thereto; as more fully described in EXHIBIT "A" containing six (6) pages attached hereto and incorporated herein by reference (the "Equipment Property").

Dear Mr. Williamson:

I, as Trustee-Purchaser, have received certain information regarding WPS and the above described Equipment Property from Seller and Seller's Consultant, George H. Reid Investments, Inc. ("Consultant"). Based on the information submitted, I, in my capacity as Trustee-Purchaser, herewith submit this Letter of Agreement offer to purchase and sale for said Equipment Property and the Leaseback of this Equipment Property by Seller subject to the following terms and conditions:

1.  **Purchase Price.** Purchaser shall pay Seller the sum of <u>Ten million five hundred eighty thousand DOLLARS</u> **($10,580,000.00)** for the Equipment Property.

2.  **Payment Terms.** All cash at closing. All payments described herein shall be in US Dollars only.

3.  **Closing.** Closing of this transaction shall be on or before forty five (45) Business Days after execution and delivery to Seller (at Seller's address herein) by Purchaser, the Formal Documentation Purchase, Sale, and Leaseback Agreement as called for in Paragraph 4 hereof, to the office of Partners Title Company, 712 Main Street, Houston, Texas, Attn: Jim Suttles.

4.  **Formal Documentation.** Within fifteen (15) Business Days after the execution of the Letter of Agreement by both Purchaser and Seller as the Parties hereto, Purchaser shall deliver to Seller a Purchase and Sale Agreement and Leaseback Agreement and other documentation (Formal Documentation) executed by Purchaser and such other documents as may be necessary in the sole discretion of Purchaser which Seller agrees to execute and return without delay. The Purchase and Sale Agreement, Leaseback Agreement, and other documents shall supersede and take precedence to this Letter of Agreement; and in the event any of the terms and conditions of this transaction shall vary between this Letter of Agreement and the Purchase and Sale Agreement, the terms and conditions of the Purchase and Sale Agreement and Leaseback Agreement and other documents shall prevail.

*-continued-*

**EXHIBIT "A"**

5. **Purchaser Reviews.** This offer is subject to Purchaser's review and verification to Purchaser's sole satisfaction of any and all property, data, and facts, including and without limitation of all Equipment Property for this transaction as described on the attached EXHIBIT "A" and (a) complete, current, and historic financial statements; (b) current equipment rental agreements, including any amendments or modifications, and complete historic accounting of each such agreement; (c) completion of due diligence, inspection, and appraisal of Equipment Property; (d) all past and current environmental inspections, permits, reports, and surveys thereof; (e) any and all past and existing UCC filings relating thereto; (f) all Equipment Property designs, plans and specifications pertaining to the Equipment Property; and, (g) Seller shall also provide Purchaser an Estoppel Certificate and Landlord Waiver for each Equipment Property asset being conveyed by Seller to Purchaser dated as of the closing; (h) Seller shall warrant and covenant to Purchaser hereof the exclusive rights of parties in possession ownership of the Equipment Property to be sold, conveyed, and transferred to Purchaser hereof by General Warranty Deed of Fee Simple Title to the sole satisfaction of Purchaser.

6. **Legal Description of Equipment Property.** See EXHIBIT "A" (six pages) attached hereto and incorporated herein by reference. It is acknowledged by the Parties hereto that such documents were provided to Purchaser by WPS and through Consultant and may be subject to legal modifications as necessary in the sole discretion and to the satisfaction of Purchaser and Purchaser's legal advisors as the case may be.

7. **Earnest Money.** Fifty thousand DOLLARS ($50,000.00) as a Bank Letter of Credit or cash as Purchaser may desire shall be deposited by Purchaser with Partners Title Company, 712 Main Street, Houston, Texas 77002, along with the fully executed copy of the Formal Documentation as previously described in Paragraph 4 herein above. The Earnest Money deposited shall be fully credited to the purchase price, at the closing of this transaction, at the sole option of Purchaser hereof.

8. **Seller/Lessee Duties.** Prior to the preparation of the Formal Documentation as more fully described in Paragraph 4 herein above, WPS agrees to provide complete, current, and historic financial documents and records concerning WPS's complete business operations along with copies of all documents and records specifically relating to the Equipment Property. Seller agrees that during the term of the Leaseback, all customer payments due relating to the rental of the Equipment Property now owned by Purchaser will be directed by WPS directly to Purchaser's designated bank lockbox or other such address as designated by Purchaser from time-to-time.

9. **Primary Leaseback Terms.** Equipment Property shall be conveyed by Seller to Purchaser and Seller agrees to immediately Leaseback said Equipment Property from Purchaser at closing. All customer rental payments regarding Equipment Property previously due Seller shall be made without demand directly to Purchaser's designated bank lockbox account. Purchaser/Lessor will promptly report all income and disbursements to Seller/Lessee. All payments received by Purchaser/Lessor shall first be applied to any amount due Purchaser/Lessor. Seller/Lessee will make consecutive monthly payments to Purchaser/Lessor and

such payments shall be equal to the sum total of all customer rental payments due for Equipment Property and designated by Seller/Lessee as Monthly Rental Revenue on EXHIBIT "A" attached hereto. If received by Purchaser, all payments designated as Monthly Maintenance Revenues in the various customer rental contracts will be promptly disbursed to Seller/Lessee in payment of maintenance and other services for equipment as contractually agreed for the Equipment Property. The first and last month's lease payments will be due at closing.

10. <u>Initial Term.</u>  The Initial Term of the leaseback shall be eighty four (84) months. Seller/Lessee agrees to remit eighty four (84) consecutive monthly lease rental payments to Purchaser/Lessor such monthly payments due Purchaser/Lessor shall at no time be less than <u>One hundred twenty five thousand DOLLARS</u> (**$125,000**).

11. <u>Purchase Upon Termination.</u>  At the end of the Initial Term, WPS shall have the obligation to re-purchase the Equipment Property from Purchaser for <u>Seven million nine hundred twenty five thousand DOLLARS</u> (**$7,925,000**) due in cash on the first day of the eighty fifth (85th) month from the date of closing hereof as between Purchaser and WPS.

12. <u>Definitions.</u>  The term Business Days as used herein is agreed to mean 8:00 AM to 5:00 PM, Central Standard Time, Monday through Friday, not including United States Federal or Texas State holidays.

13. <u>Severability.</u>  In the event that any of the terms, conditions or covenants of this Letter of Agreement are held to be unenforceable or invalid by any court of competent jurisdiction, the validity and enforceability of the remaining provisions, or portions thereof, shall not be affected thereby and effect shall give rise to the intent manifested by the provisions, or portions thereof, held to be enforceable and valid.

14. <u>Non-Disclosure.</u>  Except as may be required by applicable law, neither Purchaser or Seller(s) shall make any public announcement or otherwise disclose to any third party the existence, contents and nature of this Letter of Agreement without the prior written consent of both parties. This provision shall not apply to any related consultant, attorney, advisor, closing agent, and/or employee of either Purchaser or Seller(s) acting in connection with this Letter of Agreement.

15. <u>Applicable Law.</u>  This Letter of Agreement and the Purchase and Sale Agreement shall be construed in accordance with and governed by the laws of the United States of America.  If any party brings legal action to enforce any right or obligation under either, jurisdiction shall lie exclusively in Houston, Harris County, Texas.

16. <u>Option Fee.</u>  Purchaser agrees to pay Seller an Option Fee of <u>One Thousand DOLLARS</u> (**$1,000.00**) within three business days of receipt of Seller's acceptance of this Letter of Agreement in consideration of such acceptance.  The sufficiency of the consideration is acknowledged by the Parties.  Execution of this Letter of Agreement and acceptance of the Option Fee by Seller shall grant Purchaser an exclusivity right (the "Exclusivity") under which Seller agrees not to solicit, offer,

or hold discussions with any third party regarding the sale of the Seller's Equipment Property herein described.

17. <u>Interest in Future Transactions.</u> ·For a period equal to the Initial Term, WPS grants Purchaser the first and exclusive right to consider any and all future WPS Equipment Property Sale/Leaseback transactions and WPS and Purchaser hereof further agree any of these future transactions will occur under substantially the same terms and conditions as contained herein at Purchaser's option. During this term, WPS further grants Purchaser the first right of review to any other leasing or financing transaction involving WPS equipment.

18. <u>Consultants and Brokers.</u> Seller warrants that it has had no dealings with any broker or agent in connection with the negotiation or execution of this Letter of Agreement except Consultant. Seller has agreed to pay Consultant pursuant to an existing Consulting Services Agreement dated as of July 13, 2004 and executed by Seller on July 14, 2004 and by Consultant on July 16, 2004. It is hereby acknowledged by both Seller and Purchaser hereof that, George H. Reid and/or George H. Reid Investments, Inc. may or may not also act in the capacity as Principal in the transaction described herein. The Pasties to the existing Consulting Services Agreement as between George H. Reid Investments, Inc. and WPS, Inc. hereby agree that the Consulting Services Agreement may be disclosed and delivered to Partners Title Company ATTN: Jim Suttles for the purpose of the payment of the compensation in cash, in full at closing.

19. <u>Authority.</u> The undersigned each represent, warrant, and covenant the possession of the power and authority to execute this Letter of Agreement.

20. <u>Acceptance.</u> This offer of Purchase shall be deemed to be refused and withdrawn if Purchaser hereto has not received written acceptance to the terms and conditions hereof by 5:00 PM on December 29, 2004.

This Letter of Agreement shall be binding upon the Parties hereto, their heirs, successors, legatees, nominees and/or assigns.

Respectfully Submitted,

CONSULTANT:
GEORGE H. REID INVESTMENTS, INC.

By: _____   _____ Date: _12-22-04_
John B. Berry, Trustee-Purchaser        George H. Reid, President

Address:   4265 San Felipe, Suite 1100        Address:   PO Box 56443
           Houston, Texas 77027                         Houston, Texas 77256

**SELLER :  (Authorized Signatory(s) Only):**

AGREED and ACCEPTED this _28_ day of December, 2004.

WILLIAMSON PRODUCTION SERVICES, INC. (WPS, Inc.)

By: _____ / Date: _12/28/04_
       Seth Williamson, President

Printed Name: _Seth Williamson_
Title:    President

By: _____ / Date: _12/28/04_

Printed Name: _Scott Thomas_
Title:  Secretary

Address:        1110 Unifab Road, Suite A          Corporate Seal
                New Iberia, LA 70560

## WPS
## Unit Listing

| Unit # | Customer | Lease Name | Customer's Ship Date | Engine | Frame | STAGE 1 CYL BORE | STAGE 2 CYL BORE | STAGE 3 CYL BORE | ENGINE RPM | Cooler | Coupling | BHP |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1001 | W & T | High Island 389 | Shipped | 3516 TALE | 5C-VIP-4 | 9 1/4 | 5 1/2 | | 1400 | L144 | FSH-60-26 | 1340 |
| 1002 | Century | SS-154E | Shipped 10-10-02 | L7042 GSI | 5C-VIP-4 | 12 1/2 | 9 1/4 | 5 | 1200 | L144 | FSH 70-28 | 1478 |
| 1003 | AEDC | Vermilion 86A | Shipped 8-15-03 | 3508 TALE | 5CVIP-2 | 6 1/2 | 5 1/2 | | 1400 | L108 | | 630 |
| 1004 | Master Resources | Aggie Junction #2 | Shipped 8-1-03 | 3516 TALE AFR | Ram54 | (2) 14 | 9 1/2 | 6 1/2 | 1400 | L144 | FSH-60-26 | 1340 |
| 1005 | UCI/ Unocal | Fresh Water Bayou | Shipped 6-19-03 | 3512 TALE | Ram54 | (2) 11 | 9 1/2 | 5 1/2 | 1400 | L132 | FSH-60-26 | 945 |
| 1008 | Chapman/Houston Exploration | SMI-253A | Shipped 4-11-03 | F3521 GSI | Ram52 | 7 | 6 1/2 | | 1200 | L96S | FSH 60-28 | 738 |
| 1009 | Master Resources | Aggie Junction #1 | Shipped 7-8-03 | F3521 GSI | Ram54 | (2) 9.5 | (2) 6.5 | | 1200 | L120 | FSH 60-28 | 738 |
| 1010 | Hilcorp | North Maurice Field | 1-Dec-2003 | 3306 TA | Genmi H302 | 5 1/2 | 3 1/2 | | 1800 | J84 | | 145 |
| 1013 | Good Rich Resources | | Shipped 8-14-03 | G3508 | JGE/2 | 13 1/2 | 9 3/4 | 5 1/2 | 1400 | J7E | FSH-70-28 | 630 |
| 1015 | Arena Offshore | Brazos 52-C Platform, Offshore LA | Shipped 10-28-03 | 3508 TALE | JGE/2 | 8 3/8 | 5 1/8 | | 1400 | L108 | | 630 |
| 1012 | Bass Enterprises | The George Ranch | Shipped 11-1-03 | 3520B | WH64 | 7 1/2 | 6 3/4 | | 1350 | 156EF | FSH 75-26 | 1675 |
| 1007 | EnerVest | Garden Island Bay | 20-Jan-2004 | 3520 TALE | Ram54 | (2) 14 | 9 1/2 | 6 1/2 | 1350 | L156EF | FSH-70-26 | 1674 |
| 1016 | ATP Oil & Gas Corp | Brazos 544 A Freeport, TX | original ship date 1-9-04 actual ship date will be 2-6-04 | 3508 TALE | RAM52 | 7 | 6 | | 1400 | 108EF | | 630 |
| 1017 | EnerVest | Bay De Chene | original ship date 1-6-04 actual ship date will be 2-5-04 | 3516 TALE AFR | JGT/4 | (2) 14 1/8 | 12 | 6 3/4 | 1400 | L156EF | FSH-60-26 | 1340 |
| 1006 | Spinnaker | HI 197A | original ship date 1-8-04, actual ship date will be 2-25-04 | 3516 TALE AFR | RAM 54 | (2) 6.5 | (2) 5.5 | | 1400 | L144EF | FSH-60-26 | 1340 |
| 1011 | Stock | Planned NO EQUIPMENT | | 3508 TALE | JGE/2 | 13 1/2 | 9 1/8 | 5 1/2 | 1400 | | FSH 50-26 | 0 |

8/17/2004

WPS
Unit Listing

| Unit # | Customer | Lease Name | Customer's Ship Date | Engine | Frame | STAGE 1 CYL. BORE | STAGE 2 CYL. BORE | STAGE 3 CYL. BORE | ENGINE RPM | Cooler | Coupling | BHP |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1017 | Stock | Complete, Ready to Ship | | | JG1/4 | (2) 18 7/8 | 12 1/2 | 1 7/8 | 1200 | L120 | FSH66-20 | 743 |
| 1018 | Stock | Planned, NO ENGINE | | No Engine | JG1/4 | (2) 18 7/8 | 12 1/2 | 1 7/8 | 1800 | L135EF | FSH15-26 | 1340 |
| 1019 | Oakhill (OGS) | Thompson | 1-Jun-2004 | 3508 TALE | JG1E/2 | 12 1/2 | 9 5/8 | | 1400 | 108 | | 630 |
| 1020 | Oakhill (OGS) | Garrett | 1-Jun-2004 | 3408TA | JGJ/4 | (2) 8 3/8 | (2) 4 5/8 | | 1800 | | | 425 |
| 1021 | Oakhill (OGS) | Lake Cherokee | 1-Jun-2004 | 3408TA | JGJ/4 | (2) 8 3/8 | (2) 5 1/2 | | 1800 | | | 425 |
| 1022 | Oakhill (OGS) | Freeman A-1 | 1-Jun-2004 | 3408TA | JGJ/2 | 11 | 8 3/8 | | 1800 | | | 425 |
| 1023 | Oakhill (OGS) | Williamson | 6/1/2004 - WPS will buy this package from ????? | 3306 | JGA/2 | 7 1/2 | 5 1/2 | | | | | |
| 1024 | Oakhill (OGS) | Delta | 1-Jun-2004 | 3408TA | JGJ/2 | 11 | 8 3/8 | | 1800 | | | 425 |



# FAX COVER SHEET

1110 Unifab Road, Suite A
New Iberia, LA 70560
Phone: (337) 560 – 7700
Fax:    (337) 560 – 7840  Main Office
Fax:    (337) 560 – 7841  Accounting

| | | | |
|---|---|---|---|
| To: | **Brian Engle** | From: | **George Reid** |
| Company: | **WPS** | | **GHRINV.** |
| Fax: | **713 439 7979** | Pages (incl. cover): | **7** |
| Phone: | | Date: | **11-11-04** |
| Re: | | CC: | |

☐ Urgent    X For Review    ☐ Please Comment    ☐ Please Reply    ☐ For Your Information

● Comments:   Per our conversation

*************************************************************************
This message is confidential. It may also contain information that is privileged or
otherwise legally exempt from disclosure. If you have received it by mistake please
let us know by e-mail immediately and delete it from your system; should also not copy
the message nor disclose its contents to any one. No part of this message or
attachments may be used or reproduced in any manner whatsoever.

*************************************************************************
Este mensaje es confidencial. Puede contener informacion privada. Si usted lo ha
recibido por error, por favor comuniquenoslo inmediatamente via e-mail y tenga la
amabilidad de eliminarlo de su sistema; no copiarlo ni divulgar su contenido a persona
alguna. Ninguna parte de este mensaje ni de sus adjuntos pueden ser usados o
reproducidos de ninguna forma en absoluto.

EXHIBIT "A"

Page 3 of 6

Four (4) Pages of this FAX

relating to WPS & SG Interests

have been OMITTED.



November 11, 2004


GHRINV
Mr. George Reid
P. O. Box 56443
Houston, TX 77256

Re:     WPS, Inc. Rental Fleet

George:

I am including in a separate document specific nomenclature regarding the Company's
rental fleet, customer names, contract signing date, application, and etc. for your review.

As we discussed last week, Hanover Compression (HC) and Universal Compression Inc.
(UCO) utilize a ten (10) year amortization schedule, and a 25 – 30 year depreciation
model, respectively.  The 30 year depreciation schedule used by Universal Compression
was recently changed from 25 years, which was disclosed in a financial update that
occurred within the last twenty-four months.  Universal claims that the change more
accurately represents the useful life of the product.  Based on nominal technological
changes in the natural gas engine industry this claim appears to be very accurate.
Furthermore, you might recall that prior to my departure from Universal Compression I
held the position of director of sales and engineering for Latin America.  As director of
sales I was responsible for asset management, DCF modeling for new cap-ex, with
annual sales of approximately USD$100. MM, and management of rental fleet asset
valued in excess of USD$250. MM.

Let me know if I can be of further assistance.


Regards,


Brian R. Engle
Executive Vice-President

Williamson Production Services, Inc. ♦ 1110 Unifab Road, Suite A ♦ New Iberia, LA 70560
Main Office: (337) 560-7700 ♦ Main Fax: (337) 560-7840

EXHIBIT "A"

Page 6 of 6

| Unit Contract # | Customer Name | Original Term in Months | Date Contract Signing | Ship Date | Start Date | Finish Date | Months Remaining | Monthly Rental Revenue | Monthly Maint. Revenue | Total Monthly Revenue | Engine Model | Compressor Model | Rated Hp Rating | Service Application |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 001**1001 | W & T Offshore | 24 | 8/21/2002 | 8/31/2002 | 8/31/2002 | 7/31/2004 | 0 | $13,650.00 | $1,000.00 | $14,650.00 | G3516TALE | Jre 5C-VIP--; | 1265 / 1478 | Offshore |
| 002**1002 | Idle | 24 | | | | | 0 | | | | | Jre 5C-VIP-; | | |
| 003**1003 | AEDC | 12 | 8/12/2003 | 8/15/2003 | 8/28/2003 | 7/28/2005 | 10 | $8,450.00 | $800.00 | $9,250.00 | G3508TALE | RAM 54 | 630 | Offshore |
| 1004** | Masters Resources C | 12 | 9/16/2003 | 9/17/2003 | 9/19/2003 | 8/19/2004 | 0 | $13,500.00 | $1,500.00 | $15,000.00 | G3516TALE | RAM 54 | 1265 | Inland Water |
| 1005** | UNOCAL (see note) | 24 | 3/27/2003 | 5/19/2003 | 5/26/2003 | 4/26/2005 | 5 | $13,500.00 | $0.00 | $13,500.00 | G3512TALE | RAM 54 | 945 | Inland Water |
| 006**1012 | Spinaker | 24 | 11/18/2003 | 2/3/2004 | 3/10/2004 | 2/3/2005 | 4 | $15,400.00 | $1,250.00 | $16,650.00 | G3516TALE | RAM 54 | 1340 | Offshore |
| 1007** | Enervest/Garden Islan | 24 | 12/4/2003 | 2/3/2004 | 3/4/2004 | 2/3/2005 | 16 | $15,300.00 | $1,600.00 | $16,900.00 | G3516TALE | RAM 54 | 1874 | Inland Water |
| 008**1006 | Houston Exploration | 24 | 4/1/2003 | 4/11/2003 | 5/8/2003 | 4/8/2005 | 6 | $11,000.00 | $0.00 | $11,000.00 | F3521GSI | RAM 52 | 738 | Offshore |
| 009**1007 | Masters Resources | 24 | 5/1/2003 | 5/8/2003 | 6/8/2003 | 6/8/2005 | 9 | $8,500.00 | $1,000.00 | $9,500.00 | F3521GSI | RAM 54 | 738 | Onshore |
| 010**1008 | Hilcorp | 12 | 5/1/2003 | 7/10/2003 | 7/10/2003 | 7/10/2004 | 0 | $2,000.00 | $750.00 | $2,750.00 | 33016TAW | HPD2-2 | 145 | Onshore |
| 1011** | TBD | | | | | | 0 | | | | | | | |
| 012**1011 | Bass Enterprises | 24 | 10/3/2003 | 11/14/2003 | 11/13/2003 | 10/13/2005 | 13 | $15,900.00 | $1,000.00 | $16,900.00 | G3520TALE | WH 64 | 1674 | Onshore |
| 013**1009 | Goodriche Petroleum | Monthly | 8/12/2003 | 8/18/2003 | 8/18/2003 | Monthly | 0 | $8,750.00 | $500.00 | $9,250.00 | G3508TALE | JGE2-3 | 630 | Onshore |
| 014**1022 | GMT | 12 | 4/28/2004 | 5/3/2004 | 5/7/2004 | 5/7/2005 | 7 | $9,000.00 | $1,400.00 | $10,400.00 | F3521GSI | RAM 54 | 738 | Onshore |
| 015**1010 | Arena Offshore | 12 | 9/3/2002 | 10/28/2003 | 10/28/2003 | 9/28/2004 | 0 | $9,000.00 | $800.00 | $9,800.00 | G3508TALE | JGE2-2 | 630 | Offshore |
| 016**1014 | ATP | 24 | 1/30/2004 | 1/15/2004 | 3/22/2004 | 1/15/2006 | 15 | $9,000.00 | $812.00 | $9,812.00 | G3508TALE | RAM 52 | 630 | Offshore |
| 1017**1015 | Enervest/Bay DeChen | 24 | 12/4/2003 | 1/15/2004 | 3/1/2004 | 1/15/2006 | 15 | $15,200.00 | $1,250.00 | $16,450.00 | G3516TALE | JGT4-3 | 1340 | Offshore |
| 018**NSC | Oakhil | 42 | 9/8/2004 | 11/15/2004 | TBD | 5/15/2008 | 42 | $16,000.00 | $2,270.00 | $18,270.00 | G3520TALE | JGT4-2 | 1674 | Onshore |
| 019**1016 | Oakhill/OGS | 60 | 6/1/2004 | 6/17/2004 | 6/17/2004 | 6/17/2009 | 54 | $6,050.00 | $1,200.00 | $7,250.00 | G3508TALE | JGE2-2 | 630 | Onshore |
| 020**1018 | Oakhill/OGS | 60 | 3/10/2004 | 6/24/2004 | 6/24/2004 | 6/24/2009 | 54 | $4,250.00 | $950.00 | $5,200.00 | 334087ALE | JGK4-2 | 425 | Onshore |
| 021**1017 | Oakhill/OGS | 60 | 3/10/2004 | 6/18/2004 | 6/18/2004 | 6/18/2009 | 54 | $4,800.00 | $1,000.00 | $5,800.00 | G3408TALE | JGJ4-2 | 425 | Onshore |
| 022**1019 | Oakhill/OGS | 60 | 3/10/2004 | 6/8/2004 | 6/8/2004 | 6/8/2009 | 54 | $4,250.00 | $950.00 | $5,200.00 | G3408TALI | JGJ2-2 | 425 | Onshore |
| 023**1021 | Oakhill/OGS | 60 | 3/10/2004 | 6/9/2004 | 6/9/2004 | 6/9/2009 | 54 | $2,000.00 | $700.00 | $2,700.00 | G3308TAW | JGA2-2 | 195 | Onshore |
| 024**1020 | Oakhill/OGS | 60 | 3/10/2004 | 6/23/2004 | 6/23/2004 | 6/23/2009 | 54 | $4,250.00 | $950.00 | $5,200.00 | G3408TALE | JGK2-2 | 425 | Onshore |



1110 Unifab Rd.
Suite A
New Iberia, LA 70560
Phone: (337) 560 – 7700
Fax:     (337) 560 – 7841

December 30, 2004

Mr. John B. Berry, Trustee-Purchaser
4265 San Felipe
Suite 1100
Houston, TX 77027

Please be advised that WPS, Inc. hereby rescinds its acceptance of the letter of agreement dated December 30, 2004 between WPS, Inc. and John B. Berry, Trustee-Purchaser. Our understanding of the proposed structure of the transaction was to include a monthly rental payment of $125,000 per month and the transaction was to qualify as an "off balance sheet" transaction. We feel that this was made clear to all parties prior to the issuance of the letter. We are willing to enter into a discussion of a transaction with this structure. Unless we can negotiate on these issues, we cannot move forward with this transaction. Your check for $1,000 is attached to this letter.

Please note that this letter is being forwarded within the three day rescission period.

Thanks,

Scott Thomas
Chief Financial Officer
WPS, Inc.

**EXHIBIT "8"**



**GERMER GERTZ** L.L.P.
A T T O R N E Y S   A T   L A W

AUSTIN **BEAUMONT** HOUSTON
www.germer.com

**JAMES W. HENGES**

jwhenges@germer.com

March 30, 2005

Mr. Charles Bacarisse
District Clerk
HARRIS COUNTY COURTHOUSE
400 Civil Courts Building
301 Fannin Street
Houston, Texas 77002

<u>**VIA HAND DELIVERY**</u>

Re:    *John B. Berry, Trustee. v. WPS, Inc., et al*; Cause No. 2005-08446 in the 152nd
       Judicial District Court of Harris County, Texas; GG File No. 56117

Dear Mr. Bacarisse:

Enclosed for filing in the above-referenced matter please find the original and one copy
of the following:

• **Defendant, WPS, Inc.'s Answer to Plaintiff's Original Petition**.

By copy of this letter, all known counsel of record are being provided with a copy of
same.

Please acknowledge receipt of this filing on the copy provided and return same to the
undersigned via our courier.

If you have any questions or comments please feel free to contact me.

Sincerely,

**GERMER GERTZ, L.L.P.**

James W. Henges

JWH/bd
Enclosure

P.O. BOX 4915 • BEAUMONT, TX 77704 • PHONE: 409.654.6700 • FAX: 409.835.2115