United States Courts
Southern District of Texas
FILED

APR 1 9 2005

Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN B. BERRY, TRUSTEE<br>Plaintiff | §<br>§<br>§ | |
| V. | §<br>§ | CIVIL ACTION NO. H-05-1101<br>JURY |
| WPS, INC., ET AL<br>Defendants | §<br>§<br>§ | |

### DEFENDANT, WPS, INC.'S FIRST AMENDED ANSWER
### TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Defendant, WPS, Inc., (hereinafter "Defendant"), and pursuant to Rule 15 of the Federal Rules of Civil Procedure files this, its First Amended Answer to Plaintiff's Original Petition, and in support thereof would show unto the Court the following:

### I.
### RULE 12(b)(6) MOTION

1.01   Defendant, WPS, Inc., files this answer after filing its 12(b)(6) motion previously filed in this matter. In Defendant's 12(b)(6) motion, Defendant asserted that the Plaintiff has failed to state a claim upon which relief can be granted in Plaintiff's pleadings.

### II.
### LEAVE OF COURT

2.01   Leave of Court is not required for Defendant to file this Amended Answer as it was filed within 20 days after Defendant removed this case to federal court. F.R.C.P. 15(a).

III.
AMENDED ANSWER

3.01     Defendant disputes the applicability of the allegations set forth in Paragraph One of Plaintiff's Original Petition in that this matter is now pending in Federal Court and the Texas Rules of Civil Procedure no longer apply to this suit.

3.02     Plaintiff fails to identify the person or entity for whom he contends he is acting as Trustee and Defendant denies that Plaintiff has the capacity to sue as a "Trustee". Defendant further addresses this matter in its Specific Negative Averment set froth in Part V of this pleading. Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 2A of Plaintiff's Original Petition.

3.03     Defendant denies that Seth Williamson is the proper agent for process of Defendant, WPS, Inc. and further denies that service upon Defendant, WPS, Inc., can be affected by personal delivery. Otherwise, Defendant admits the allegations set forth in Paragraph 2B of Plaintiff's Original Petition.

3.04     Defendant denies the allegation set forth in paragraph 2C of Plaintiff's Original Petition.

3.05     Defendant denies the allegations set forth in Paragraph 3 of Plaintiff's Original Petition.

3.06     With respect to Paragraph 4 of Plaintiff's petition, Defendant denies that a document entitled "Sale and Leaseback Agreement" is attached to Plaintiff's Original Petition as Exhibit "A". Defendant further denies that a "Sale and Leaseback Agreement" was ever executed by this Defendant or any other Defendant in this suit. Furthermore, Defendant denies all other allegations set forth in Paragraph 4 of Plaintiff's Original Petition.

3.07    Defendant denies the allegations set forth in Paragraph 5 of Plaintiff's Original Petition.

3.08    Defendant denies the allegations set forth in Paragraph 6 of Plaintiff's Original Petition.

3.09    Defendant denies the allegations in Paragraph 7 of Plaintiff's Original Petition. Defendant further denies that all conditions precedent have been performed prior to the filing of this suit. Defendant denies that there was ever an enforceable agreement between Defendant and Plaintiff. The conditions precedent not performed by Plaintiff also include failure to plead and prove notice as required by Chapter 38 of the Texas Civil Practice and Remedies Code.

3.10    Defendant denies the allegations set forth in Paragraph 8 of Plaintiff's Original Petition including Plaintiff's claim to entitlement to exemplary damages. Defendant further denies that "attempted fraud" constitutes a cause of action.

3.11    Defendant denies the allegations set forth in Paragraph 9 of Plaintiff's Original Petition.

3.12    Defendant denies the allegations set forth in Paragraph 10 of Plaintiff's Original Petition.

3.13    The allegations set forth in Paragraph 11 pertain to allegations regarding damages. Defendant is not required to admit or deny the allegations contained in these paragraphs pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

3.14    Defendant would further plead that the document entitled "Letter of Agreement" attached to Plaintiff's Original Petition does not constitute a contract that is enforceable under the applicable law.

3.15    Defendant would further show that the document entitled "Letter of Agreement" lacks terms necessary to make it an enforceable contract or agreement. Defendant further denies that there was mutual assent necessary to create an enforceable contract or agreement.

## IV.
## AFFIRMATIVE DEFENSES

4.01    Defendant contends that Plaintiff failed to mitigate his damages, if any there are. Therefore, Plaintiff's damages, if any, should be reduced by the amount attributable to Plaintiff's failure to mitigate damages.

4.02    Plaintiff's claims are barred under the applicable statutes of fraud including the statutes of fraud set forth in Article 2 of the Uniform Commercial Code and in Chapter 28 of the Texas Business and Commerce Code and/or statutes of fraud recognized under Louisiana law.

4.03    Defendant denies that Plaintiff is entitled to punitive damages in this action. An award of punitive damages in this case would violate the Contracts Clause of Art. 1, §10 of the United States Constitution, and the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution. Further, Defendant, WPS, Inc., would show that Plaintiff's claims for punitive damages are limited by the provisions of Chapter 41 of the Texas Civil Practice and Remedies Code and/or applicable under Louisiana law.

## V.
## SPECIFIC NEGATIVE AVERMENTS

5.01    Plaintiff, John B. Berry, identifies himself in his original petition as "Trustee", but fails to identify the entity or person for whom he is allegedly serving as trustee. By definition, a trustee must serve as a trustee for some other entity or person, and that person or entity should be identified in Plaintiff's pleadings. To that extent, Defendant denies that John B. Berry is a "Trustee" and has the right to sue in such capacity.

WHEREFORE, PREMISES CONSIDERED, Defendant, WPS, Inc., prays that upon final trial of this suit that Plaintiff take nothing by this action, that it recover costs of court and attorney's fees, that this Defendant receive such other and further relief, general and special, at law and equity to which it is entitled.

        Respectfully submitted,

        **GERMER GERTZ, L.L.P.**
        Post Office Box 4915
        Beaumont, Texas 77704
        (409) 654-6700 – Telephone
        (409) 835-2115 – Telecopier

        _/s/ James R. Old_
        **James R. Old, Jr.**
        **Attorney In Charge**
        State Bar No. 15242500
        Southern Dist. No. 10751
        **James W. Henges**
        State Bar No. 00790860

        **ATTORNEYS FOR DEFENDANT, WPS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record on this the _19th_ day of April, 2005.

Mr. Thomas G. Bousquet  **VIA CERTIFIED MAIL, RRR**
BOUSQUET & JACKSON, P.C.
5718 Westheimer #700
Houston, Texas  77057

_____
**James R. Old, Jr.**