O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN B. BERRY, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1101 |
| | § | |
| WPS, INC. and SETH WILLIAMSON, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Pending is Plaintiff John B. Berry, Trustee's Motion to Remand (Document No. 6). After carefully considering the motion, response, and the applicable law, the Court concludes that the motion should be denied.

I. Background

Plaintiff John B. Berry, Trustee, brings this action against Defendants WPS, Inc. ("WPS") and its President, Defendant Seth Williamson, for breach of contract. According to Plaintiff, the parties created a contract by executing a certain "Sale and Leaseback Agreement" (the "Agreement"). Plaintiff alleges that he complied with the Agreement fully, but that Defendants made an anticipatory breach of the Agreement on December 30, 2004, and a complete breach of the Agreement on January 26, 2005. Plaintiff seeks specific performance, damages, exemplary damages and $100,000

in attorney's fees.  WPS removed the action on an assertion of diversity jurisdiction, and Plaintiff now moves to remand.

## II.  Discussion

A defendant may remove to federal court a civil action over which the federal court has diversity jurisdiction.  28 U.S.C. §§ 1332(a), 1441(b).  "[W]hen faced with a motion to remand, it is the defendant's burden to establish the existence of federal jurisdiction over the controversy."  Winters v. Diamond Shamrock Chemical Co., 149 F.3d 387, 397 (5th Cir. 1998).  Any doubt as to the propriety of the removal is to be resolved in favor of remand. See Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000); Walters v. Grow Group, Inc., 907 F. Supp. 1030, 1032 (S.D. Tex. 1995) (Harmon, J.).

Plaintiff states: "[WPS's] allegation that this case involves over $75,000 does not create a federal question.  This is a simple suit on a contract performable in Harris County, Texas."  Document No. 6, at 2.  Plaintiff does not deny, however, that the amount in controversy exceeds $75,000, exclusive of interest and costs, or that the parties are completely diverse.  Indeed, the "Letter of Agreement" attached to Plaintiff's Original Petition, which pleads not only for specific performance but "damages and exemplary damages," outlines a purchase of certain "Equipment Property" for approximately $10.6 million.  In addition, Plaintiff seeks a

minimum of $100,000 in attorney's fees.  *See* Manquno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy."); TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (Vernon 1997) (providing for recovery of reasonable attorney's fees from an individual or corporation if claim is for breach of contract).  Thus, it is apparent from the face of Plaintiff's Original Petition that the amount in controversy exceeds the statutory minimum.

Even so, Plaintiff argues, "Defendants signed an agreement specifying the Harris County courts as the forum to settle disputes," and thereby waived their right to removal. Document No. 6, at 2.  Although Defendants dispute that the "Letter of Agreement" constitutes an enforceable contract, even if it does, they argue, the clause upon which Plaintiff relies does not effect a clear and unequivocal waiver of Defendants' right to removal. "For a contractual clause to prevent a party from exercising its right to removal, the clause must give a 'clear and unequivocal' waiver of that right." City of New Orleans v. Mun. Admin. Servs., Inc., 376 F.3d 501, 504 (5th Cir. 2004); *see* Waters v. Browning-Ferris Indus., Inc., 252 F.3d 796, 797 (5th Cir. 2001); McDermott Int'l, Inc. v. Lloyds Underwriters of London, 944 F.2d 1199, 1212-13 (5th Cir. 1991).  The provision of the "Letter Agreement" upon which Plaintiff relies states:

3

> **Applicable Law**.  This Letter of Agreement and the Purchase and Sale Agreement shall be construed in accordance with and governed by the laws of the United States of America.  If any party brings legal action to enforce any right or obligation under either, jurisdiction shall lie exclusively in Houston, Harris County, Texas.

Document No. 1 ex. A, Letter Agreement ¶ 15.  This language establishes Houston as the agreed exclusive venue for any litigation under the two agreements.  *Cf.* Mun. Admin. Servs., 376 F.3d at 505 (finding ambiguity where one jurisdiction was specified, but other jurisdictions were not necessarily excluded).  However, the clause does *not* specify a particular court in Houston as the exclusive forum for litigation.  The fact that the clause states "jurisdiction shall lie exclusively *in* Houston, Harris County, Texas" does not imply state rather than federal jurisdiction.  Consider Dixon v. TSE Int'l, Inc., 330 F.3d 396 (5th Cir. 2003).  In Dixon, the contractual provision stated: "*The Courts of Texas, U.S.A., shall have jurisdiction over all controversies . . . and the parties waive any other venue to which they may be entitled by virtue of domicile or otherwise.*"  Id. at 397 (emphasis ).  The Fifth Circuit affirmed the district court's order of remand, explaining that "[f]ederal district courts may be *in* Texas, but they are not *of* Texas." Id. at 398.  Similarly, the United States District Court for the Southern District of Texas, Houston Division, can be said to have jurisdiction *in* "Houston, Harris County, Texas" even though federal district courts are not

courts *of* Texas.  *See* 28 U.S.C. § 124(b)(2) (explaining that the Houston Division encompasses Harris County and that "[c]ourt for the Houston Division shall be held at Houston").

At the very least then, the language upon which Plaintiff relies is subject to more than one reasonable interpretation--and is therefore ambiguous.  *See* Mun. Admin. Servs., 376 F.3d at 505.  "The very presence of ambiguity indicates that the clause does not contain a 'clear and unambiguous' waiver of removal rights, and is therefore ineffective as a waiver."  Id. at 505-06.[1]

### III.  Order

Based on the foregoing, it is

ORDERED that Plaintiff John B. Berry, Trustee's Motion to Remand (Document No. 6) is DENIED.

The Clerk shall notify all parties and provide them with a copy of this Order.

SIGNED at Houston, Texas on this 16th day of May, 2005.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Moreover, ambiguity is generally construed against the drafter, and it appears that Plaintiff drafted the Letter Agreement.  *See* Mun. Admin. Servs., 376 F.3d at 505; Document No. 1 ex. A, Letter Agreement.

5