UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

MAY 2 5 2005

MICHAEL N. MILBY, CLERK OF COURT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN B. BERRY, TRUSTEE<br>Plaintiff | §<br>§<br>§ | |
| V. | § | CIVIL ACTION NO. H-05-1101 |
| | § | JURY |
| WPS, INC., ET.AL.<br>Defendants | §<br>§<br>§ | |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' 12(b)(6) MOTION

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Plaintiff, John B. Berry, Trustee, and files this Response to Defendants' 12(b)(6) Motion and in support thereof would show the following:

I.
INTRODUCTION

Defendants' 12(b)(6) motion is without merit because Plaintiff's complaint is based on a proper legal theory, ie. breach of contract, and Defendants' legal arguments are in error. The facts of the case have been set forth in Plaintiff's Complaint and in Defendants' Motion and are incorporated herein.

II.
ARGUMENT & AUTHORITY

Defendants argue that the Letter of Agreement between Plaintiff and Defendants is not a binding contract and constitutes nothing more than an agreement to agree. Defendants' legal arguments are in error and do not reflect the law of the State of Texas.

A.   QUESTION OF LAW.

If the document is not ambiguous, and Defendants have not argued that it is, the determination of whether the Letter of Agreement is a legally binding and enforceable contract is a question of law for the court. *Texaco, Inc. v. Pennzoil Co.*, 729 S.W.2d 768, 814 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), *cert. dism'd*, 485 U.S. 994, 108 S.Ct. 1305, 99 L.Ed.2d 686 (1988).

If it is the intent of the parties which is questioned, such is a question of fact to be decided by the fact finder. In such instance, the facts of each case differ considerably and are determinative of the outcome. In determining the intent of the parties to be bound by an agreement, "it is a question of fact that the courts are deciding and not a question of law; and the facts of each case are numerous and not identical with those of any other case." *Foreca*, at 745 (quoting A. Corbin, *Corbin on Contracts* §30 at 97 (1963)). Whether a letter of intent (or letter of agreement in this instance) was intended to be a contract is for the trier of fact to determine. *Scott v. Ingle Brothers Pacific, Inc.*, 489 S.W.2d 554, 557 (Tex.1972).

B.   DEFENDANTS' ERRONEOUS ARGUMENT.

1. Defendants argue that because paragraph 4 of the Letter of Agreement contemplates the execution of future documents, ie. a Purchase and Sale Agreement and a Leaseback Agreement, such proves that the Letter of Agreement was never intended to be a binding and complete agreement. Defendants' Motion at ¶10, page 4. Defendants' legal premise is faulty because Texas courts have recognized that parties may agree on some contractual terms and leave other contract terms to be made later. *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex.1992); *Scott v. Ingle Bros. Pac.,Inc.*, 489 S.W.2d 554, 555 (Tex.1972). A binding contract may be formed as long as the parties agree on the material terms even though they leave other provisions for later negotiation. *John Wood Group USA, Inc. v. ICO, Inc.*, 26 S.W.3d 12, 19 (Tex.App.—Houston [1st Dist.] 2000, pet denied)(a letter of intent may be binding even though it refers to the drafting of a future, more formal agreement.); *Foreca v. GRD Development Co., Inc.*, 758 S.W.2d 744, 746 (Tex. 1988). "It is only when an essential term is left open for future negotiation that there is nothing more than an unenforceable agreement to agree." *Oakrock Exploration Co. v. Killam*, 87 S.W.3d 685, 690 (Tex.App.—San Antonio 2002, pet. denied); *T.O. Stanley Boot* at 221.

2. Defendants argue that the $1000 exclusivity payment in paragraph 16 of the

Letter of Agreement shows that, <u>without the payment</u>, Defendants would have been free to negotiate a sale with other parties after the Letter of Agreement was signed. Defendants' Motion at ¶10, page 4. This argument overlooks the obvious fact that by Plaintiff paying the $1000 option fee, Defendants were precluded from terminating the sale after their signing of the Agreement.

The letter of agreement did not give Defendant WPS an unrestricted right to rescind the agreement. Plaintiff had the right to complete his due diligence and either rescind or close the transaction; Defendants had no such rescission right and were obligated to produce the financial documents to Plaintiff for review. *See,* Letter of Agreement. Defendants instead repudiated the agreement and refused to produce the financial documents. *See,* Defendants' letter of December 30, 2004 attached to their motion. "A party to a contract may not set up his own breach to relieve himself of his contractual obligations; nor may he set up his breach as the basis for rescission of the contract or as the ground for his own recovery." *Dorsett v. Cross*, 106 S.W.3d 213, 221 (Tex.App.—Houston [1st Dist.] 2003, denied)(citing *Presley v. Cooper*, 278 S.W.2d 237, 241 (Tex.Civ.App.—Amarillo, *rev'd other gr'ds*, 284 S.W.2d 138, 155 (Tex.1955)).

Defendants were obligated by their letter of agreement to allow Plaintiff to complete his due diligence and not to frustrate performance of the agreement.

3. Defendants argue that the signed Letter of Agreement and the subsequently unsigned Purchase and Sale Agreement and Leaseback Agreement contain different terms. Defendants' motion at ¶10, page 5. However a comparison of the documents shows that they contain the same material terms and any differences are minor and involve no essential terms which is acceptable in Texas. *McCulley Fine Arts Gallery, Inc. v. "X" Partners*, 860 S.W.2d 473, 477 (Tex.App. --- El Paso 1993, no writ)("Questions which relate to the payment of taxes and insurance, as well as the determination as to who would take actual possession of the painting, were details which involved the form and not the substance of the transaction. Consequently, we find that

the overriding obligations of the parties were mutually agreed upon; these latter terms were not essential to the formation of the contract.")

C. A BINDING AGREEMENT.

The Letter of Agreement at issue contained all the elements of a contract. There was (1) an offer (Plaintiff offered to buy the merchandise), (2) an acceptance (Defendants accepted Plaintiff's offer), (3) a meeting of the minds (Defendants were relinquishing ownership of the merchandise, Plaintiff was acquiring ownership, the price was agreed upon, and Defendants were to lease the merchandise back from Plaintiff for the stated price), (4) communication of consent (the Letter of Agreement was signed and exchanged between the parties), and (5) execution (both parties signed the document). Purchaser-Plaintiff performed his part of the agreement. The only thing missing in this instance is Seller-Defendants' performance.

1. Defendants argue that the third element, ie. meeting of the minds, is absent. However, Texas cases provide that there are three elements determining whether the parties have an understanding that a sale has been formed. For a meeting of the minds to occur, the agreement must include: (1) the thing sold, which is the object of the contract; (2) the consideration or price to be paid for the thing sold; and (3) the consent of the parties to exchange the thing for the price. *John Wood Group* at 20. In the present instance, all three elements creating a contract for sale were contained in the Letter of Agreement.

    a. First, the thing to be sold is clearly and forthrightly set forth in the six (6) pages of Exhibit A to the Letter of Agreement.

    b. Secondly, the price to be paid for the equipment described in Exhibit A of the Letter of Agreement is clearly set forth in ¶1 of the Letter of Agreement, *ie.*, $10,580,000.

    c. And third, the consent of the parties to make the exchange for the price stated is clearly indicated by the parties' signatures to the agreement and the

attention to minutia detailing the terms of the exchange. ¶¶ 1-20 of the Letter of Agreement.

2. The Letter of Agreement is not ambiguous and there is no difficulty assigning it a definite meaning or ascertaining the intent of the parties at the time of execution. Similar to the inspection period in a Texas Real Estate Earnest Money Contract, the Purchaser-plaintiff herein purchased an opportunity to inspect the Seller's supporting financial documentation and the right to unilaterally void the agreement if desired. There was no provision in the Letter of Agreement affording the Seller-Defendants such a right and indeed, Seller-Defendants received and accepted the $1000 option payment for foregoing any such termination right.[1]

D.     <u>LETTERS OF INTENT</u>.

Letters of intent are an important and valuable contractual tool in business.

> Letters of intent play a valuable role in conducting complex business transactions........A complex business transaction such as [a sale of corporate assets] requires a significant expenditure of time, effort, research and finances simply to arrive at its terms. The books of the companies must be carefully reviewed, difficult judgment of valuation must be made, financing must be secured, new corporations may have to be formed, and various timing and risk allocation issues must be spelled out in detail in the purchase and sale contract, obviously incurring substantial legal fees.

*Feldman v. Allegheny International, Inc.*, 850 F.2d 1217, 1221 (7th Cir. 1988).

Since letters of intent may be binding, parties not wishing to be bound by a letter of intent should insert a cautionary provision stating that the letter is nonbinding. *Kelley* at 767; *John Wood Group* at 14. No such cautionary provision of non-liability was included in the Letter of Agreement at hand. If Defendants wanted the right to unilaterally terminate the agreement, they could have and should have inserted a provision expressly stating that the agreement was non-binding. *Id.* at 19; *see also, RHS Interests, Inc. v. 2727 Kirby Ltd.*, 994 S.W.2d 895, 897-99 (Tex.App.---Houston [1st Dist]

---

[1] Defendants' letter of December 30, 2004, attached to Defendants' Motion, refers to a "three day rescission period". The letter of agreement contains no "three day rescission" provision and Texas law has no such provision.

1999, no pet.); *Murphy v Seabarge, Ltd.*, 868 S.W.2d 929, 933 (Tex.App.—Houston [14th Dist] 1994, writ denied).

E.   TEXAS PROMULGATED REAL ESTATE CONTRACT

A widely used contract which illustrates the falsity in Defendants' arguments is the standard Earnest Money Contract promulgated by the Texas Real Estate Commission and used by all licensed realtors in the state of Texas. The promulgated earnest money contract allows for an option period in which the purchaser may inspect the subject property and related documents (i.e. income and expenses, taxes, etc.), performing tests (i.e. soil, environmental, etc.) and unilaterally terminate the sale if he so desires. The earnest money contract also contemplates the execution of future documents, including a warranty deed and often times leases associated with the sale. Nevertheless, although the purchaser may exercise his option to withdraw and although there are future documents to be drafted, the Seller is nonetheless bound by the earnest money contract and can not refuse performance without breaching the agreement.

E.   DEFENDANTS' CASE LAW.

The cases cited by Defendants in support of their motion are not on point or relevant to the issue. Defendants' supporting case law is also not recent (*eg.* 1905, 1931, 1953, and 1968) and are not Texas case law. The contract specifies Texas law.

> 1. *Chemical Cleaning, Inc. v. Brindell-Bruno, Inc.*, 214 So.2d 215 (La.App. 4th Cir.1968) is not a Texas decision, did not involve one written agreement but the reconciliation and merging of several writings between the parties to ascertain what was agreed to regarding a third party's cleaning requirements. In *Chemical Cleaning*, the writings between the parties and the testimony at trial showed that the parties had different understandings as to what the third party's cleaning standards were; hence, there was no meeting of the minds as to those standards which was the subject of the contract. In the present case, there is no interference by a

> third party and there was a meeting of the minds as to the thing being sold, the price to be paid, the time, place, and manner of sale, etc. *See*, Letter of Agreement.
>
> 2. *Reimann Construction Co. v. Heinz*, 17 La.App. 287, 137 So. 355 (La. App. Orleans 1931) has no bearing on the case at hand because *Reimann* involved an oral agreement which the parties agreed orally would not become a contract until they wrote it down and signed it; which they never did. *Id.* At 688. Our parties did reduce their agreement to writing and signed it.
>
> 3. *McIntire v. Industrial Securities Corp.*, 158 So. 849 (La.App. Orleans 1935), like *Reimann,* is not on point because the *McIntire* parties had agreed that their oral agreement would not be binding until written and signed and the oral discussions they had did not include the price to be paid. *Id.* At 851 ("We can think of no more important features of such a contract than those involving the price to be paid......")
>
> 4. *Kaplan v. Whitworth*, 116 La. 337, 40 So. 723 (La. 1905) is not on point and distinguishable because "the language of the instrument imposes no obligation upon plaintiff, but seems carefully to avoid doing so. The contract, if any there be, is therefore not bilateral." *Id.* At 341. The agreement in *Kaplan* lacked an essential element of a contract.

WHEREFORE, PREMISES CONSIDERED, Plaintiff John B. Berry, Trustee prays that Defendants' 12(b)(6) Motion be denied as to both Defendants. Plaintiff prays also for such other relief, general and special, at law and at equity to which he may show himself entitled.

G:\Law\Wpdocs\BERRY\FEDERAL\BRIEF RE BINDING CONTRACT .wpd

Respectfully Submitted:

BOUSQUET & JACKSON, P.C.
of Counsel

Thomas G. Bousquet
ATTORNEY AT LAW
Federal Court No. 3285
State Bar # 02717000
5718 Westheimer #700
Houston, Texas 77057
(832) 251-3501
(832) 242-5607(fax)
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

_____ I HEREBY CERTIFY that a true and correct copy of the above instrument has been served, pursuant to Federal Court Rules by First Class U.S. Mail, Return Receipt Requested, postage pre-paid and properly addressed, to counsel of record for defendants, on this 23 day of _____May_____, 2005.

Thomas G. Bousquet