UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

AUG 1 1 2005

Michael N. Milby, Clerk of Court

| | |
|---|---|
| JOHN B. BERRY, TRUSTEE § <br> Plaintiff § <br> § <br> V. § <br> § <br> WPS, INC., ET AL § <br> Defendants § | CIVIL ACTION NO. H-05-1101 <br> JURY |

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE
## TO DEFENDANTS' RULE 12(b)(6) MOTION

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Defendants, WPS, Inc. and Seth Williamson[1], and file this, their Reply to Plaintiff's Response to Defendants' Rule 12(b)(6) Motion and in support thereof would show the following:

1. On April 19, 2005, Defendants filed their Rule 12(b)(6) Motion seeking dismissal of the above referenced case. Plaintiff filled an untimely response to this motion over one month later and it was received by Defendants on May 25, 2005, and after the submission deadline set forth in Local Rule 7.3. This notwithstanding, Defendant files this reply to respond to some of the allegations made by Plaintiff in its response to Defendants' Rule 12(b)(6) Motion.

2. When the parties leave an essential term open for future negotiation, there is no binding contract. *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 222 (Tex. 1992); *Beal Bank S.S.B. v. Schleider*, 124 S.W.3d 640, 653 (Tex. App.-Houston [14th Dist.] 2003). Whether an agreement has all the essential terms to be an enforceable agreement is a question of law. *Beal Bank S.S.B.*, 124 S.W.3d at 653 n.8. When an essential term to an agreement is left open for future negotiation, there is nothing more than an unenforceable agreement to agree;

---

[1] Seth Williamson files this motion subject to his Motion to Dismiss for Want of Jurisdiction.

such an agreement is void as a contract. *Oakrock Exploration Co. v. Killam*, 87 S.W.3d 685 (Tex. App.-San Antonio 2002).

    3.    A review of the document entitled "Letter of Agreement" (Attached to Plaintiff's Original Petition which is attached hereto as Exhibit A) demonstrates that no final or enforceable contractual agreement had been entered.[2] This is evidenced by a number of passages in the "Letter of Agreement" including but not limited to the following:

- Paragraph 4 states that the Plaintiff will deliver to seller a Purchase and Sale Agreement and a Leaseback Agreement which is to memorialize the terms of the transaction. The fact that such an agreement was necessary proves that the "Letter of Agreement" was never intended to be an enforceable contract;

- The document entitled "Letter of Agreement" and the subsequently issued documents entitled "Purchase and Sale Agreement" and "Leaseback Agreement" contained different terms. Neither the purported "Purchase and Sale Agreement" nor the purported "Leaseback Agreement" were signed by a Defendant.

- Terms were not in the "Letter of Agreement" but were contained in the Purchase and Sale Agreement including but not limited to the following:

    (a)    a provision regarding insurance requirements during the proposed lease and on renewals or relets;
    (b)    provisions to address maintenance;
    (c)    the source of funding for the replacement of component parts;
    (d)    the provisions regarding accounting for the transaction;
    (e)    a risk of loss provision regarding responsibility for loss or destruction or damage of the equipment or property;
    (f)    a provision purportedly shifting taxes and fees;
    (g)    a provision purportedly shifting responsibility for ad valorum taxes;
    (h)    a provision purportedly requiring indemnity;
    (i)    a provision purportedly requiring Defendant, WPS, Inc., to certify that the equipment was free from all liens, mortgages, security agreements, and similar encumbrances;
    (j)    a provision purportedly shifting responsibility for all product liability claims;
    (k)    a provision purportedly requiring Defendant, WPS, Inc., to state the condition of all equipment;
    (l)    a provision purportedly concerning indemnity and personal guarantees of liability.

---

[2] Most of said evidence is not before the Court at this time as Defendants are seeking a judgment on the pleadings through the 12(b)(6) motion.

5. Plaintiff's characterizations regarding the language on the option fee is not correct. The option provision set forth in Paragraph 16 of the Letter of Agreement provides as follows:

> 16. <u>Option Fee.</u> Purchaser agrees to pay Seller an Option Fee of <u>One Thousand DOLLARS</u> ($1,000.00) within three business days of receipt of Seller's acceptance of this Letter of Agreement in consideration of such acceptance. The sufficiency of the consideration is acknowledged by the Parties. Execution of this Letter of Agreement and acceptance of the Option Fee by Seller shall grant Purchaser an exclusivity right (the "Exclusivity") under which Seller agrees not to solicit, offer, or hold discussions with any third party regarding the sale of the Seller's Equipment Property herein described.

Contrary to the allegations of Plaintiff, this provision ***does not*** prohibit Defendant from terminating the sale by accepting the $1,000.00 payment. Put simply Defendant could have negotiated with anybody pertaining to this particular proposed transaction. At most, the option fee may or may not have restricted Defendant's ability to negotiate with others until a final contract was either agreed to by the parties or rejected.

6. The Letter of Agreement did not contain all of the elements of a contract. There obviously was no meeting of the minds as evidenced by the various open terms set forth in the "Letter of Agreement" and the additional terms contained in the Sale Leaseback Agreement but not in the "Letter of Agreement". This is further evidenced by Paragraph 4 of the "Letter of Agreement" stating that for this arrangement to become final, Plaintiff would deliver to Defendant a Purchase and Sale Agreement. Obviously, the execution of this Purchase and Sale Agreement was essential before there could be a contract. Therefore, there absolutely was no "meeting of the minds".

7. Plaintiff refers to the Texas Real Estate Earnest Money Contract in attempting to argue that Paragraph 4 of the Letter of Agreement contained terms that it did not contain.

3

Defendants would certainly object to Plaintiff's reference to documents that are not part of the pleadings and not properly in evidence before this court.

WHEREFORE, PREMISES CONSIDERED, Defendant, WPS, Inc., prays that its Rule 12(b)(6) motion is granted. Defendant, Seth Williamson prays that if Plaintiff's claims are not dismissed for want of jurisdiction over Defendant, Williamson, or his property, then that this Rule 12(b)(6) motion is granted dismissing Plaintiff's claims against Defendant, Seth Williamson. Defendants also pray for such other further relief, general and special, at law and at equity to which they may show themselves justly entitled.

Respectfully submitted,

**GERMER GERTZ, L.L.P.**
Post Office Box 4915
Beaumont, Texas 77704
(409) 654-6700 – Telephone
(409) 835-2115 – Telecopier

_____
**James R. Old, Jr.**
**Attorney In Charge**
State Bar No. 15242500
Southern Dist. No. 10751
**James W. Henges**
State Bar No. 00790860

**ATTORNEYS FOR DEFENDANT, WPS, INC. AND SETH WILLIAMSON**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record on this the \_11th\_ day of August, 2005.

| | |
|---|---|
| Mr. Thomas G. Bousquet<br>BOUSQUET & JACKSON, P.C.<br>5718 Westheimer #700<br>Houston, Texas 77057 | **VIA FACSIMILE TRANSMITTAL**<br><br>**VIA CERTIFIED MAIL, RRR** |

_____
James W. Henges

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(D), a movant is not required to confer with opposing counsel regarding motions filed under Rule 12(b) of the Federal Rules of Civil Procedure.

_____
James W. Henges