IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN B. BERRY, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1101 |
| | § | |
| WPS, INC. and SETH WILLIAMSON, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

The background for this suit and identities of the parties may be found in the Court's Memorandum and Order entered May 16, 2005. Now pending is Defendant WPS, Inc.'s ("Defendant") Motion to Dismiss Plaintiff John B. Berry's ("Plaintiff") breach of contract and fraud claims (Document No. 15). After carefully considering the motion, response, reply, and the applicable law, the Court concludes as follows:

I.  Standard of Review

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one.  See Scheuer v.

Rhodes, 94 S. Ct. 1683, 1686 (1974).  The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims.  Id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint.  See Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).  Dismissal of a claim is improper "unless it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief."  Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993).

"The plaintiff need not set forth all the facts upon which the claim is based; rather, a short and plain statement is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests."  Mann v. Adams Realty Co., 556 F.2d 288, 293 (5th Cir. 1977).  Therefore, in challenging the sufficiency of the complaint under Rule 12(b)(6), the defendant bears the burden of proving that "no relief could be granted under any set of facts that could be proved consistent with the allegations" in the complaint.  Hishon v. King & Spalding, 104 S.

Ct. 2229, 2232 (1984). While the district court generally may not go outside the complaint in addressing a Rule 12(b)(6) motion, it may consider documents attached to the complaint, as well as documents that are referenced in and central to the complaint. *See* Kennedy v. Chase Manhattan Bank USA, NA, 369 F.3d 833, 839 (5th Cir. 2004); Scanlan v. Texas A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003).

## II.  Discussion

A.  Breach of Contract

Under Texas law, the elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. Lewis v. Bank of Am. NA, 343 F.3d 540, 544-45 (5th Cir. 2003).[1]  Here, the question is whether Plaintiff has pleaded facts sufficient to state a claim for breach of contract.

---

[1] Both parties have argued the pertinent motion, response, and reply under Texas law. Clause 15 of the Letter of Agreement upon which suit is brought provides that it "shall be construed in accordance with and governed by the laws of the United States of America." This clause also provides exclusive jurisdiction in Houston, Texas, for any legal action to enforce the Letter of Agreement. Applying to the facts of this dispute Texas's "most significant relationship" test, *see* Mayo v. Hartford Life Ins. Co., 354 F.3d 400, 403 (5th Cir. 2004); RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 188(1) (1971), leads to the conclusion that Texas law does govern this dispute.

Plaintiff sues on a document entitled Letter of Agreement, executed by Plaintiff and Defendant, for the sale/leaseback of a lease fleet of compressor equipment for $10,580,000. The Letter of Agreement consists of four pages containing 20 separately numbered clauses, plus a six-pages long attached exhibit to provide the legal description of the "Equipment Property" that is the subject of the sale/leaseback. Plaintiff asserts that he has "fully complied with the agreement," but that Defendant breached the contract. Document No. 1 ex. A, Original Pet. ¶ 4. Plaintiff prays for specific performance, as well as for damages.

Defendant claims that Plaintiff has not pled an action upon which relief can be granted because the Letter of Agreement by its own terms provides that formal documentation would later be prepared and executed by the parties and would supercede and take precedence over the Letter of Agreement. Defendant compares some of the clauses in the subsequently prepared formal documentation (which was never signed by the parties) to the Letter of Agreement to argue that the Letter of Agreement did not contain all essential terms required to form a final and enforceable contract.

The limited question at this juncture, however, is whether Plaintiff has alleged sufficient facts to state a breach of contract claim. Taking Plaintiff's well-pleaded allegations as true, Plaintiff has met its burden. The complaint alleges the necessary elements of a contract and its breach by Defendant, and the Letter of Agreement does not, on its face, appear to be

4

unenforceable. Furthermore, if a fact question is raised on whether the parties intended the Agreement to serve as a contract, that issue it will be one for the jury. *See* Gaede v. SK Invs., Inc., 38 S.W.3d 753, 757-58 (Tex. App.--Houston [14th Dist.] 2001, pet. denied) ("Whether an agreement constitutes a valid contract is generally a legal determination for the court. However, whether parties *intended* to make a contractual agreement is usually a fact issue for the jury.") (internal citations omitted). Defendant's motion to dismiss the breach of contract claim will therefore be denied.

B.   Attempted Fraud

Plaintiff additionally alleges that "Defendants have attempted to defraud Plaintiff." Document No. 1 ex. A, Original Pet. ¶ 8. Defendant seeks dismissal of Plaintiff's fraud claim under Rules 9(b) and 12(b)(6), noting that Texas does not recognize a cause of action for "attempted fraud." *See* Document No. 15 ¶ 19.

Rule 9(b) imposes heightened pleading requirements on claims of fraud. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). Pleading fraud with particularity under Rule 9(b) requires a plaintiff to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Southland Sec. Corp. v. INSpire Ins. Solutions Inc.,

5

365 F.3d 353, 362 (5th Cir. 2004) (quoting <u>Williams v. WMX Techs., Inc</u>., 112 F.3d 175, 177-78 (5th Cir. 1997)).

Plaintiff has not identified with specificity any statements or conduct alleged to be fraudulent nor has he pled with particularity the speaker or actor, circumstances, or content of the speech or action, that would state a claim of fraud under Rule 9(b). His "attempted fraud" claim is nothing but conclusory. Plaintiff, moreover, has filed no opposition to the motion to dismiss the "attempted fraud" claim nor has he moved to amend or sought leave to file a more definite statement. Accordingly, Defendant's motion to dismiss Plaintiff's fraud claim will be granted under Rule 12(b)(6).

### III. <u>Order</u>

Accordingly, it is

ORDERED that Defendant WPS, Inc.'s Motion to Dismiss (Document No. 15) is DENIED with respect to the breach of contract claim and is GRANTED with respect to the fraud claim, and Plaintiff's attempted fraud claim is DISMISSED.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 7th day of October, 2005.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE