UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 8 2006

Michael N. Milby, Clerk

| | | |
|---|---|---|
| JOHN B. BERRY, TRUSTEE<br>Plaintiff | §<br>§<br>§ | |
| V. | §<br>§ | CIVIL ACTION NO. H-05-1101<br>JURY |
| WPS, INC.<br>Defendant | §<br>§<br>§ | |

AND

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEORGE H. REID INVESTMENTS, INC.,<br>Plaintiff | §<br>§<br>§ | |
| V. | §<br>§ | CIVIL ACTION NO. H-06-2053<br>JURY |
| WPS, INC.<br>Defendant | §<br>§<br>§ | |

## DEFENDANT, WPS, INC.'S MOTION TO CONSOLIDATE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, WPS, Inc., and, pursuant to Rule 42 of the Federal Rules of Civil Procedure, files its Motion to Consolidate the two above-referenced cases and in support shows this Court the following:

### I.
### BACKGROUND

John B. Berry, Trustee, filed a lawsuit against WPS, Inc., on or about February 7, 2005, in the District Court of Harris County, 152nd Judicial District. That case was removed to the Federal District Court for the Southern District of Texas, was assigned to the Honorable Judge Werlein, and is currently styled *John B. Berry, Trustee v. WPS, Inc.*, Civil Action No H-05-1101 ("*Berry*"). (This case shall be referred to herein as the "*Berry Case*.") (Plaintiff's First

Amended Petition is attached as *Exhibit 1*, and Defendant's Answer to Plaintiff's First Amended Petition and Countersuit is attached as *Exhibit 2*.)

Subsequently, George H. Reid Investments, Inc., filed a lawsuit against WPS, Inc., on, or about May 3, 2006, in the District Court of Harris County, 80th Judicial District. That case was also removed to the Federal District Court for the Southern District of Texas, was assigned to the honorable Judge Lake, and is currently styled *George H. Reid Investments, Inc. v. WPS, Inc.*, Civil Action No. H-06-2053 (This case shall be referred to herein as the *"Reid Case"*.) (Plaintiff's Original Petition is attached as *Exhibit 3*, and Defendant's Federal Court Answer and Countersuit is attached as *Exhibit 4*.)

Both of these cases relate to the circumstances surrounding a document entitled "Letter of Agreement". This document entitled "Letter of Agreement" is attached to each petition filed in the *Berry Case* and in the *Reid Case* as Exhibit A. Furthermore, Defendant has asserted similar defenses in each of the two cases, including defenses attacking the validity and enforceability of the document entitled "Letter of Agreement" and defenses based on the acts, omissions, and representations of George H. Reid of George H. Reid Investments, Inc.

In the *Berry Case*, Plaintiff, Berry, alleges that the document entitled "Letter of Agreement" was a contract (which is denied) under which the Plaintiff contends Defendant was to sell and lease back equipment. Plaintiff contends that before the document entitled "Letter of Agreement" was signed, that George H. Reid of George H. Reid Investments, Inc. was Defendant's "consultant", and that George Reid was involved in a number of discussions between employees of Defendant and Plaintiff. George Reid also signed the document entitled "Letter of Agreement" as a consultant under a space provided for George H. Reid Investments, Inc. Furthermore, George H. Reid Investments, Inc. is alleged to have an interest in the *Berry Case*, and at a minimum, has many of the attributes of a "party" in the *Berry Case*. (See discussion on Pages 5 - 6, *infra*). In the *Berry Case*, Defendant has denied that the document

entitled "Letter of Agreement" is enforceable, and also asserted a number of defenses, including defenses based on the acts, omissions, and statements made by George H. Reid of George H. Reid Investments, Inc.

In the *Reid Case*, Plaintiff alleges that Plaintiff was involved with the alleged proposed transaction that is alleged to be referenced in the document entitled "Letter of Agreement" and is alleged to be the subject of the *Berry Case*. In the *Reid Case*, Plaintiff contends it is entitled to a commission because it contends the parties signed the document entitled "Letter of Agreement". Plaintiff contends that said commission is referenced in a document entitled "Consulting Services Agreement" and is also referenced in Paragraph 18 of the document entitled "Letter of Agreement". Among the allegations made by George H. Reid Investments, Inc. in the *Reid Case* include but are not limited to the following:[1]

> 5.     .... WPS, Inc retained the services of Plaintiff for the specific purposes of assisting it to locate potential financing/lending for WPS, Inc. on any acquisition, asset sale, exchange, funding transaction, merger or disposition of WPS, Inc.'s assets rights or any portion thereof.
>
> * * *
>
> 7.     George H. Reid Investments, Inc. .... presented ***John B. Berry, Trustee*** as a source of funds to WPS, Inc. pursuant to the Consulting Services Agreement. (emphasis supplied)
>
> 8.     On December 28, 2004, Defendant, WPS, Inc. by and through it [sic] authorized officers, President Seth Williamson and Secretary Scott Thomas and ***John Berry***, Trustee and Plaintiff, ***George H. Reid Investments, Inc.*** agreed, accepted and executed the ***Letter of Agreement***, wherein ***John Berry, Trustee*** agreed to purchase and WPS, Inc. agreed to sell and leaseback the Equipment Property (i.e. oil and gas compressor equipment listed and attached to Ex. A.) (emphasis supplied)
>
> 9.     WPS, Inc. accepted ***John B. Berry, Trustee*** as the source for its funding requirements by accepting the terms of ***the Letter***

---

[1] Defendant has denied these allegations, and is merely quoting them to show that the allegations in the *Berry Case* overlap with the allegations in the *Reid Case*.

> *Agreement* outlining the material terms of the sale and leaseback transaction. (emphasis supplied).
>
> 10. The terms of the ***Letter of Agreement***, as agreed and accepted by WPS, Inc. show that Plaintiff's [sic] has [sic] performed its obligations to WPS, Inc. (emphasis added).

Plaintiff's pleadings in the *Reid Case* also contain extensive quotes from the document entitled "Letter of Agreement". (*See* Paragraph 11 of Plaintiff's Original Petition attached hereto as *Exhibit 3*.) The circumstances surrounding and interpretation of the document entitled "Letter of Agreement" and defenses pertaining to same are subjects of the *Berry Case*. Furthermore, the passages quoted on the foregoing page (from the pleadings in the *Reid Case*) indicate that Plaintiff in the *Reid Case* contends that the outcome of the *Reid Case* is dependant on whether the document entitled "Letter of Agreement" is an enforceable agreement. Whether the document entitled "Letter of Agreement" is an enforceable agreement is a main issue in the *Berry Case*.

## II.
## ARGUMENT AND AUTHORITY

This Court has the discretion to consolidate actions involving common questions of law or fact. FED. R. CIV. P. 42(a). The factors to be considered when determining whether or not to consolidate include:

(1) the cases proposed for consolidation are pending either before the same court for all purposes or before two different courts within the same judicial district;
(2) the cases involve a common party;
(3) the cases involve common issues of law;
(4) the cases involve common issues of fact;
(5) there is no risk of prejudice or possible confusion if the cases are consolidated, or there is any risk, it is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately;
(6) consolidation will not result in an unfair advantage;
(7) consolidation will conserve judicial resources; and
(8) consolidation will reduce the time and expense of trying the cases separately.

*See, Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531-32 (5th Cir. 1983).[2] In this instance, each of these factors weighs in favor of consolidating these two cases.

**1. Both cases proposed for consolidation are pending before the Federal District Court for the Southern District of Texas.**

*John B. Berry Trustee v. WPS, Inc.*, Civil Action No. H-05-1101, and *George H. Reid Investments, Inc. v. WPS, Inc.*, Civil Action No. H-06-2053, are both pending before the United States District Court for the Southern District of Texas-Houston Division. Thus, this factor clearly weighs in favor of consolidation.

**2. Both cases involve a common party.**

The *Berry Case* and the *Reid Case* both involve one common defendant, WPS, Inc. Moreover, the Plaintiffs in both cases are inextricably intertwined. In the *Berry Case*, Plaintiff, Berry, contends he is acting as a trustee for Plaintiff, George H. Reid Investments, Inc. In Interrogatory No. 2 served to Plaintiff in the *Berry Case*, Defendant asked the following:

> Fully identify all persons and entities for whom John Berry is or was allegedly acting as trustee with respect to the matters that are the subject of this lawsuit. When identifying each such person, please state the person's name, home address, business address, date of birth, drivers' license number, and social security number, and when identifying each such entity, please state the entity name, the type of entity it is, its registered agent for service of process, the address of each such entity and the tax identification number of each such entity.

Plaintiff responded in relevant part as follows:

> ANSWER: b) George H. Reid investments, inc, a Texas Corp
> EIN 74-183xxxxx
> William David Archer
> 1010 Lamar, suite 1320
> Houston, Texas 77002

---

[2] *See also, Rodriguez v. Ford Motor Co.*, 2004 WL 2952612, *1 (S.D. Tex. 2004); *Certified/LVI Environmental Services, Inc. v. P.I. Construction Corp.*, 2003 WL 1798542, *2 (W.D. Tex. 2003).

*See, Exhibit 5*, Plaintiff Berry's First Amended Objections and Answers to Defendant's First Interrogatories No. 2 and 11.

Further, the same attorney is representing the Plaintiff in the *Berry Case* and the Plaintiff in the *Reid Case*. This attorney for both Plaintiffs argued that George Reid, (who is obviously associated with Plaintiff, George H. Reid Investments, Inc.), was entitled to attend a deposition occurring in the *Berry Case* as he was alleged to have "an interest in the Plaintiff". *See* passages from Seth Williamson's deposition attached as *Exhibit 6*, pp. 29-35.

Further, the document entitled "Affidavit of Beneficial Ownership Agreement of John B. Berry also known as TAISC, Inc." and attached as *Exhibit 7* shows that John B. Berry contends that at least as of January 19, 2005, he was allegedly acting as trustee for George H. Reid Investments, Inc. In the document attached as *Exhibit 7*, he purports to convey 52% of his interest[3] in certain equipment allegedly associated with the document entitled "Letter of Agreement" to George H. Reid Investments, Inc.

Put simply, both cases involve essentially the same parties. This factor weighs in favor of consolidation.

**3.    Both cases involve common issues of law.**

The *Berry Case* and *Reid Case* involve common issues of law. One of the main legal issues involved in both of these cases is the interpretation of the document entitled "Letter of Agreement" referred to in both petitions. The pleadings and other evidence attached hereto prove that the *Reid Case* could not go forward absent a finding that the document entitled "Letter of Agreement" is an enforceable agreement, (which is denied)

Also, the evidentiary matters, particularly as they relate to the document entitled "Letter of Agreement," will be similar in both cases. Although the *Reid Case* also involves a document alleged to be a "Consulting Services Agreement," the effect, if any, of this document will most

---

[3] It is denied by Defendant that he has any.

likely not be addressed unless the document entitled "Letter of Agreement" and the circumstances surrounding the document entitled "Letter of Agreement" are interpreted in a particular manner, as impliedly acknowledged by the attorney for both Plaintiffs in pleadings on file in these cases. Consequently, this factor weighs in favor of consolidation.

4.     **Both cases involve common allegations of fact.**

Both cases proposed for consolidation involve common factual allegations. Particularly, both cases involve the circumstances surrounding the alleged proposed sale/leaseback of certain equipment and the document entitled "Letter of Agreement" referenced in both petitions. The Plaintiffs contend the document entitled "Letter of Agreement" also contains language about a commission for George H. Reid Investments, Inc. which Plaintiff seeks in the *Reid Case*. Both cases will involve discussions about many of the same documents, individuals and conversations. Indeed, Plaintiffs' attorney thought that it was necessary to have George H. Reid, the President of George H. Reid Investments, Inc. at Seth Williamson's deposition. Because both cases involve similar factual allegations, this factor heavily weighs in favor of consolidation. The passages set forth on Page 3, *supra*, quoted from the Plaintiff's pleadings in the *Reid Case* provide further support that both cases involve common factual allegations.

5.     **There is no risk of prejudice or possible confusion if the cases are consolidated.**

There is no risk of prejudice or confusion if these cases are consolidated. Both cases involve many of the same individuals and many of the same factual allegations. Both involve the interpretation of the same document entitled "Letter of Agreement" and the circumstances surrounding the document. Neither Plaintiff, Berry, nor Plaintiff, George H. Reid Investments, Inc., will be prejudiced by having their actions consolidated; Plaintiffs are inextricably intertwined. Further, as both cases involve a number of common issues, there is little chance of confusion.

Defendant anticipates that both Plaintiffs will argue that they are prejudiced because of possible delay of the *Berry Case* which is set for trial in December. Defendant does not feel that a consolidation would pose an undue or insurmountable delay. Further, any delay would be the result of Reid's actions and not Defendant, WPS, Inc. Specifically, it was Reid who elected to delay the filing of the *Reid Case* for over a year after filing the *Berry Case*. As the letter from George Reid, attached as *Exhibit 8*, dated June 29, 2005 demonstrates, George Reid was contemplating filing suit against Defendant, WPS, Inc., over a year ago in June of 2005 but waited over a year before filing suit. WPS, Inc. should not be penalized for Reid's decision to delay the filing of the *Reid Case*.

Even if there is a possible risk of prejudice or confusion if these cases are consolidated, which there is not, the risk is substantially outweighed by the risk of inconsistent adjudications of the factual and legal allegations if these cases are tried separately. Significantly, separate cases could result in conflicting interpretations of the document entitled "Letter of Agreement" and the circumstances surrounding the document. Therefore, this factor weighs in favor of consolidation.

**6.    Consolidation will reduce the time and expense of trying the cases separately.**

If these cases are consolidated, the costs for Plaintiffs in both cases and Defendant will be significantly reduced. Both cases involve many of the same individuals and many of the same factual allegations. In sum, by consolidating both, expenses will be significantly reduced. Further, the time and expense that will be required for the Courts to hear two cases involving many of the same legal and factual allegations will be significantly reduced. As such, this factor also weighs in favor of consolidation.

## III.
## CONCLUSION

Under Rule 42 of the Federal Rules of Civil Procedure, this Court has the discretion to consolidate cases pending before it. There are several factors that should be considered when the Court decides whether or not to consolidate separate cases. In this case, each factor weighs in favor of consolidating the two cases.

WHEREFORE, PREMISES CONSIDERED, Defendant requests this Court to, pursuant to Rule 42 of the Federal Rules of Civil Procedure, consolidate *John B. Berry Trustee v. WPS, Inc.*, Civil Action No. H-05-1101, with *George H. Reid Investments, Inc. v. WPS, Inc.* Civil Action No. H-06-2053, and Defendant also prays for such other and further relief, at law and in equity, to which it is entitled.

Respectfully submitted,

**GERMER GERTZ, L.L.P.**
Post Office Box 4915
Beaumont, Texas 77704
(409) 654-6700 – Telephone
(409) 835-2115 – Telecopier

**James W. Henges**
State Bar No. 00790860
Southern Dist. No. 433426

Jefferson J. Moss, Jr.
Louisiana Bar Roll No.: 09769
**MOSS & ASSOCIATES**
814 South Washington Street
Lafayette, Louisiana 70501-1812
Telephone:    (337) 237-6280
Fax:                (337) 237-9638

**ATTORNEYS FOR DEFENDANT, WPS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record on this the 14th day of July, 2006.

Mr. Thomas G. Bousquet　　　　　**VIA CERTIFIED MAIL, RRR**
BOUSQUET & JACKSON, P.C.
Buckley Building
9225 Katy Freeway, Suite 103
Houston, Texas 77024

_____
James W. Henges

## CERTIFICATE OF CONFERENCE

This will certify that Jeff Moss spoke with Plaintiffs' attorney on June 22, 2006, and after the deposition of John Berry about the consolidation of the two cases at which time Plaintiff's attorney stated he would not agree to consolidate the two cases. The undersigned has also discussed the possibility of consolidation with Plaintiff's attorney and he stated he would not agree to it.

_____
James W. Henges