IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN B. BERRY, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1101 |
| | § | |
| WPS, INC. and SETH WILLIAMSON, | § | |
| J-W POWER CO., UNIVERSAL | § | |
| COMPRESSION, INC., W & T | § | |
| OFFSHORE, INC., | § | |
| | § | |
| Defendants. | § | |
| | | |
| GEORGE H. REID INVESTMENTS, | § | |
| INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2053 |
| | § | (CONSOLIDATED) |
| | § | |
| WPS, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending is Defendant WPS, Inc.'s Motion for Summary Judgment (Document No. 79), in which Defendant seeks judgment on Plaintiff's breach and anticipatory breach of contract claims.  The Court has considered the written submissions by the parties and their oral arguments upon hearing of the motion.

Defendant argues that the Letter of Agreement is not a valid and enforceable contract because, among other things, it lacks some

material terms that were still being negotiated, and there was no mutuality of obligation or mutual assent. The Letter of Agreement, however, appears written as a proposed option for an exclusivity right. An option contract has two components: (1) an underlying contract that is not binding until accepted; and (2) a covenant to hold open to the optionee the opportunity to accept. <u>Hott v. Pearcy/Christon, Inc.</u>, 663 S.W.2d 851, 853 (Tex. App.--Dallas 1983, writ ref'd n.r.e.)(citing <u>Plantation Key Developers, Inc. v. Colonial Mortgage Co.</u>, 589 F.2d 164, 168 (5th Cir. 1979)). "Both the option and the underlying contract must be supported by consideration." <u>Id.</u>; *see also* <u>Culbertson v. Brodsky</u>, 788 S.W.2d 156, 157 (Tex. App.--Fort Worth 1990, writ denied). "Once consideration passes, the option becomes irrevocable and this is what is typically labeled an option contract." <u>Hott</u>, 663 S.W.2d at 854; *see also* <u>Riley v. Campeau Homes (Tex.), Inc.</u>, 808 S.W.2d 184, 188 (Tex. App.--Houston [14th Dist.] 1991, writ dism'd by agr).

Here, the Letter of Agreement provides:

> 16. **Option Fee.** Purchaser [Plaintiff] agrees to pay Seller [Defendant] an Option Fee of <u>One Thousand DOLLARS</u> ($1,000.00) within three business days of receipt of Seller's acceptance of this Letter of Agreement in consideration of such acceptance. The sufficiency of the consideration is acknowledged by the Parties. Execution of this Letter of Agreement and acceptance of the Option Fee by Seller shall grant Purchaser an exclusivity right (the "Exclusivity") under which Seller agrees not to solicit, offer, or hold discussions with any third party regarding the sale of the Seller's Equipment Property herein described.

*See* Document No. 43 ex. A ¶ 15.  It is undisputed that after Defendant signed and accepted the Letter of Agreement, Plaintiff tendered a check for $1,000 to Defendant in consideration for the option.  The summary judgment evidence is that Defendant returned to Plaintiff uncashed the tendered check, which may raise a fact issue on whether Defendant accepted the Option Fee and hence, whether Plaintiff obtained a binding exclusivity option.[1]  If an option contract was thereby created, such an agreement "bound [Plaintiff] to do nothing but granted [him] the right to accept or reject the option in accordance with its terms . . ."  *See* Humble Oil & Refining Co. v. Westside Inv. Corp., 428 S.W.2d 92, 95 (Tex. 1968).  As Plaintiff's counsel stated in oral argument, there was no certainty that Plaintiff would purchase any of the compressors listed in the exhibit attached to the Letter of Agreement.  Defendant has not established as a matter of law that the Letter of Agreement is not a binding and enforceable option agreement, however, nor has Defendant established its affirmative defenses as a matter of law.  As such, Defendant's motion for summary judgment will be denied.

---

[1] The summary judgment evidence does not reflect whether the check was a certified cashier's check or a personal check of some type.

Accordingly, it is

ORDERED that Defendant WPS, Inc.'s Motion for Summary Judgment (Document No. 79) is DENIED.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 19th day of March, 2007.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE