```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


JOHN B. BERRY, TRUSTEE,          §
                                 §
        Plaintiff,               §
                                 §
v.                               §      CIVIL ACTION NO. H-05-1101
                                 §
WPS, INC. and SETH WILLIAMSON,   §
J-W POWER CO., UNIVERSAL         §
COMPRESSION, INC., W & T         §
OFFSHORE, INC.,                  §
                                 §
        Defendants.              §


GEORGE H. REID INVESTMENTS,      §
INC.,                            §
                                 §
        Plaintiff,               §
                                 §
v.                               §      CIVIL  ACTION NO. H-06-2053
                                 §             (CONSOLIDATED)
                                 §
WPS, INC.,                       §
                                 §
        Defendant.               §
```

<u>MEMORANDUM AND ORDER</u>

Pending is Defendant's Second Motion for Summary Judgment Including Request to Reurge Points Raised in Original Motion for Summary Judgment (Document No. 137). After carefully considering the motion, response, and the applicable law, the Court concludes as follows.

I. Background

The background for this suit and identities of the parties may largely be found in the Court's prior Memorandum and Order entered May 16, 2005 (Document No. 16), Memorandum and Order entered October 7, 2005 (Document No. 28), and Memorandum and Order entered March 19, 2007 (Document No. 128). The Court denied WPS's first motion for summary judgment, finding that the Letter of Agreement "appears written as a proposed option for an exclusivity right," and WPS had not established as a matter of law that the Letter of Agreement was not binding and enforceable as an option agreement, nor had WPS established its affirmative defenses as a matter of law. Document No. 128. WPS's present motion argues that even if the Letter of Agreement is a proposed option for exclusivity, Berry's claims still fail. WPS also moves for summary judgment on Reid's claims arising from the Consulting Services Agreement.

II. Standard of Review

Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party must "demonstrate

the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986).

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. Id. "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Id.

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993) (citing Matsushita, 106 S. Ct. at 1351). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." Id. Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary

judgment if it believes that "the better course would be to proceed to a full trial." Anderson, 106 S. Ct. at 2513.

### III. Discussion

A. Evidentiary Objections

1. Berry and Reid object to WPS's Chief Financial officer Scott Thomas's affidavit (Document No. 137 ex. O) on grounds that it was notarized by WPS's attorney of record. The objection is OVERRULED. *See* Richardson v. Oldham, 12 F.3d 1373, 1380 (5th Cir. 1994) (citing FED. R. CIV. P. 56(e)); Dickson v. Am. Red Cross Nat'l Headquarters, No. 3:95-CV-2391-P, 1997 WL 118415, at *4 (N.D. Tex. Mar. 10, 1997). Plaintiffs' generalized "hearsay" objection to Thomas's "entire affidavit" is OVERRULED. *See* FED. R. EVID. 801(c), 801(d)(2)(A), (C) & (D). Berry and Reid also object to Thomas's second affidavit (Document No. 137 ex. R) because it was executed in June, 2007, after Thomas was no longer an officer of WPS or "qualified" to make the affidavit. After he ceased to be an officer of WPS, Thomas remained competent to testify to matters that occurred during his tenure as an officer, and he avers that his affidavit is made on personal knowledge. *See* FED. R. CIV. P. 56(e). The objection is OVERRULED.

2. Berry and Reid object to the affidavit of Brian Engle ("Engle"), WPS's former Executive Vice President (Document No. 137 ex. P), on grounds that Engle does not advise the court of his

competence as an affiant. However, Engle avers that he is "fully competent to make this affidavit," and he "show[s] affirmatively that [he] is competent to testify to the matters stated therein." *See* FED. R. CIV. P. 56(e). The objection is OVERRULED. Plaintiff's hearsay objection to the last paragraph on page 4 of Engle's affidavit--regarding Thomas's alleged statements to Engle about a conference call held between Thomas, Reid, and Berry--is SUSTAINED to the extent that the statements are offered to prove the truth of the matters asserted. The remaining objections, which fail adequately to set forth any legal basis for exclusion under the Federal Rules of Evidence, are OVERRULED.

B.   WPS's Motion for Summary Judgment

1.   Berry's Claims

Viewing the Letter of Agreement as a proposed option, WPS moves for summary judgment on Berry's claims because (1) Berry did not perform as prescribed by the option because, *inter alia*, he paid the Option Fee with the personal check of a non-party to the transaction when the Letter of Agreement called for "[a]ll cash at closing"; (2) the agreement is without valid consideration because Berry did not tender payment in the medium specified in the Letter of Agreement; and (3) WPS has established its affirmative defenses as a matter of law.

Generally, parties to an option agreement are held to "a strict compliance with the terms of the option agreement." Zeidman v. Davis, 342 S.W.2d 555, 558 (Tex. 1961); *see also* Scott v. Vandor, 671 S.W.2d 79, 84 (Tex. App.--Houston [1st Dist.] 1984, writ refused n.r.e.).  WPS contends that Berry's performance was deficient under the agreement because, *inter alia*, he failed to pay the Option Fee in cash, which WPS contends is the medium of payment agreed to in the Letter of Agreement.  The contractual provision to which WPS refers requires "[a]ll cash *at closing*."  Document No. 137 ex. J ¶ 2 (emphasis added).  Here, it is undisputed that the Option Fee was to be paid *before* the closing of any transaction, and the Letter of Agreement contains no specific requirement for how the Option Fee was to be paid.  *See* id. ¶ 16.  Regardless, "when a tender is refused for reasons other than the medium tendered, one may not later . . . complain of the medium of tender."  Littlejohn v. Johnson, 332 S.W.2d 439, 441 (Tex. Civ. App.--Waco 1960, no writ) (holding that party waived any objection to medium of tender when initial objection was not to payment by check, but to inclusion of his attorney's name on the check); *see also* Scott, 671 S.W.2d at 85 (holding that seller waived his objection "that a check was an improper tender when he failed to object on that ground at the closing," and, moreover, although "'cash' in its strict sense refers to coins and paper money . . . it is also used to refer to checks and demand deposits").

*See also* Baucum v. Great Am. Ins. Co. of New York, 370 S.W.2d 863, 866 (Tex. 1963); Moore v. Copeland, 478 S.W.2d 573, 578 (Tex. Civ. App.--Corpus Christi 1972, writ refused n.r.e.); Dunn v. Ligon, 430 S.W.2d 704, 708 (Tex. Civ. App.--Corpus Christi 1968, no writ); Bayless v. Strahan, 182 S.W.2d 262, 264 (Tex. Civ. App.--Amarillo 1944, writ ref'd w.o.m.); Pavlow v. Jensen, No. 14-04-00750-CV, 2005 WL 3310015, at *4 (Tex. App.--Houston [14th Dist.] Dec. 8, 2005, no pet.); Nazimuddin v. Woodlane Forest Civic Ass'n, Inc., No. 09-00-210 CV, 2001 WL 62899, at *3 (Tex. App.--Beaumont 2001, pet. denied). Here, the uncontroverted summary judgment evidence is that when WPS sent its letter purportedly to "rescind[ ] its acceptance of the letter of agreement" and returned the Option Fee uncashed, the stated reason for doing so was not that tender was made with a third-party check and not currency, but rather because WPS disagreed with the description of the "proposed structure of the transaction." *See* Document No. 137 ex. M (stating that WPS is rescinding its acceptance of the agreement because "[o]ur understanding of the proposed structure of the transaction was to include a monthly rental payment of $125,000 per month and the transaction was to qualify as an 'off balance sheet' transaction."). WPS has therefore not shown itself entitled to summary judgment based on Berry's tender of a $1,000 third-party check rather than cash currency, nor has WPS otherwise shown that Berry "exercise[d] [the option] contrary to [its] strict terms

7

. . . ." Document No. 137 at 2. Moreover, although WPS has presented some evidence to support its affirmative defenses, its proof does not establish any of those defenses as a matter of law. For instance, WPS has not established as a matter of law that there was a unilateral mistake accompanied by fraud, or that WPS made a material mistake despite the exercise of due care, such that the enforcement of the Letter of Agreement would be unconscionable. *See, e.g.,* Interfirst Bank of Abilene, N.A. v. Lull Mfg., 778 F.2d 228, 232 (5th Cir. 1985) (describing circumstances where a unilateral mistake is "[s]ufficient to warrant setting the contract aside"). WPS's motion for summary judgment on Berry's claims will be denied.

2. Reid's Claims

Reid contends that WPS breached the Consulting Services Agreement by failing to pay commissions due. WPS argues that (1) the Consulting Services Agreement is premised on the viability of the Letter of Agreement, which is unenforceable, thereby precluding Reid's claims under the consulting agreement; (2) Reid did not perform under the Consulting Services Agreement; and (3) Reid has no damages because no transaction ever closed between WPS and Berry. "The essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the

8

contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." Aguiar v. Segal, 167 S.W.3d 443, 450 (Tex. App.--Houston [14th Dist.] 2005, pet. denied); *accord* Pegram v. Honeywell, Inc., 361 F.3d 272, 288 (5th Cir. 2004). "In construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument." J.M. Davidson, Inc. v. Webster, 128 S.W.3d 223, 229 (Tex. 2003); Petula Assocs., Ltd. v. Dolco Packaging Corp., 240 F.3d 499, 504 (5th Cir. 2001). Courts examine and consider a contract as a whole and give effect to all provisions. Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983). If the contract is worded so that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law. Id.

The Consulting Services Agreement provides that WPS has retained Reid for the purpose of "find[ing] and locat[ing] potential financing/lending from Banking Companies for WPS, Inc." for a "Loan Transaction." *See* Document No. 137 ex. H at 1. "Transaction" is defined as an "acquisition, asset sale, exchange, funding transaction, merger or disposition of WPS, Inc.'s assets, rights or any portion thereof" that is "consummated with [a] third person to whom Consultant had communicated the availability of WPS, Inc.'s loan and financing needs. . . ." Document No. 137 ex. H at 1-2. In its Original Petition, Reid alleges that it performed or

9

substantially performed its contractual obligations by presenting John B. Berry, "Trustee-Purchaser" as a source for WPS's funding requirements, and Berry and WPS thereafter executed a Letter of Agreement.  *See* id. ex. C at 2.  Plaintiff therefore seeks to recover a Success Fee of "not less than $1,675,000.00" under the Consulting Services Agreement.

As previously found, the Letter of Agreement appears written as a proposed option for an exclusivity right, under which Berry would pay an Option Fee of $1,000 in exchange for WPS's "agree[ment] not to solicit, offer, or hold discussions with any third party regarding the sale of the Seller's Equipment Property. . . ."  Document No. 128 at 2; *see also* Document No. 137 ex. J ¶ 16.[1]  A proposed option for an exclusivity right does not

---

[1] The Letter of Agreement fails as a contract for sale or security agreement for lack of consideration or mutuality. Paragraph 5 of the Agreement states that Berry's offer to purchase the Equipment Property is "subject to" Berry's "sole satisfaction" and review of, among other things, the Equipment Property and various documents. Document No. 137 ex. J ¶ 5. As Berry's counsel conceded in oral argument, there was no certainty that Berry would purchase *any* of the compressors listed in the exhibit attached to the Letter of Agreement. "A promise is illusory when it fails to bind the promisor, who retains the option of discontinuing performance." In re H.E. Butt Grocery Co., 17 S.W.3d 360, 370 (Tex. App.--Houston [14th Dist.] 2000, no pet.); Alpha Partners, Ltd. v. Safeway Ins. Co., 2002 WL 14297, at *1 (Tex. App.--Dallas Jan. 7, 2002, pet. denied) (same); *accord* 3 RICHARD A. LORD, WILLISTON ON CONTRACTS § 7:7 (4th ed. 2005) (illusory promise, where promisor "may perform or not, solely on the condition of his whim" is not sufficient consideration to support a contract); Kunz v. Mach. Repair & Maint., Inc., 2001 WL 1288995, at *2 (Tex. App.--Houston [14th Dist.] Oct. 25, 2001, no pet.).  "When illusory promises are all that support a purported bilateral contract, there is no contract." Light v. Centel Cellular Co. of Tex., 883 S.W.2d 642,

constitute an "acquisition, asset sale, exchange, funding transaction, merger or disposition of WPS, Inc.'s assets," and it is not a "Transaction" that would entitle Reid to a Success Fee under the terms of the Consulting Services Agreement. *See* Document No. 137 ex. H at 1-2.  Moreover, as WPS argues, the Consulting Services Agreement provides that Reid is to "locate potential financing/lending from *Banking Companies*," and it is uncontroverted that Reid did not locate financing or a loan from any such source. *See* id. at 1.  Because Reid has failed to raise a genuine issue of material fact that he performed or tendered performance under the terms of the Consulting Services Agreement, his claim for breach or anticipatory breach of the Consulting Services Agreement fails as a matter of law.  Reid's related claim for "specific performance by WPS, Inc. of its obligations to [Reid] under the Consulting Services Agreement" also fails. *See, e.g.,* SG/IP, Ltd. v. Centers, No. 3:99-CV-0566L, 2004 WL 833597, at *5-6 (N.D. Tex. Mar. 31, 2004) (holding that counterclaim for breach of contract failed as a matter of law where defendant failed to show that he performed or tendered performance under the terms of the agreement, and his request for specific performance was also denied), *aff'd*, 121 Fed. Appx. 546 (5th Cir. 2004); Hildreth v. Merle Norman Cosmetics, Inc., No. 08-02-00402-CV, 2004 WL 736991, at *2-4 (Tex. App.--El

---

645 (Tex. 1994); Alpha, 2002 WL 14297, at *1; *accord* RESTATEMENT (SECOND) OF CONTRACTS § 77 cmt. a (1981).

Paso Apr. 6, 2004, no pet.) (affirming franchisor's motion for summary judgment on franchisee's breach of contract claim where franchisee failed to present evidence that she performed under the unambiguous terms of the agreement).[2]  WPS's motion for summary judgment on Reid's claims will be granted.

### III.  Order

Accordingly, it is

ORDERED that Defendant's Second Motion for Summary Judgment Including Request to Reurge Points Raised in Original Motion for Summary Judgment (Document No. 137) is GRANTED with respect to the claims of Plaintiff George H. Reid Investments, Inc., and its case

---

[2] Reid's quantum meruit claim--which is premised on the identical services Reid claims to have furnished pursuant to the Consulting Services Agreement--fails.  *See* Truly v. Austin, 744 S.W.2d 934, 936 (Tex. 1988) ("As a general rule, a plaintiff who seeks to recover the reasonable value of services rendered or materials supplied will be permitted to recover in quantum meruit only when there is no express contract covering those services or materials."); Speck v. First Evangelical Lutheran Church of Houston, --- S.W.3d ---, 2007 WL 1599177, at *2 (Tex. App.--Houston [1st Dist.] 2007, no pet.) (same).  Reid's ill-defined "indemnification" claim under the Consulting Services Agreement--which Reid appears to have abandoned--also fails. *See* Scales v. Slater, 181 F.3d 703, 708 n.5 (5th Cir. 1999); Thompson v. Exxon Mobil Corp., 344 F. Supp. 2d 971, 976 (E.D. Tex. 2004).

12

against Defendant WPS, Inc. is DISMISSED.  The motion is otherwise DENIED.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 16th day of August, 2007.

                    _____
                            EWING WERLEIN, JR.
                         UNITED STATES DISTRICT JUDGE